[Cite as *State ex rel. Nation Bldg. Technical Academy v. Ohio Dept. of Edn.,* 123 Ohio St.3d 35, 2009-Ohio-4084.]

THE STATE EX REL. NATION BUILDING TECHNICAL ACADEMY, APPELLANT, *v.*

OHIO DEPARTMENT OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Nation Bldg. Technical Academy v. Ohio Dept. of Edn.,*

123 Ohio St.3d 35, 2009-Ohio-4084.]

*Schools — Community schools — Termination of sponsor contract due to failure to meet contract standards — Appeal of termination decision to Ohio Department of Education — R.C. 3314.07(B) — Appeal to state department must be preceded by request for hearing before sponsor — Direct appeal to department not permitted — Writ of mandamus to compel state department to hear direct appeal denied.*

(No. 2009-0003 — Submitted July 14, 2009 — Decided August 19, 2009.)

APPEAL from the Court of Appeals for Franklin County, No. 07AP-169,

2008-Ohio-5967.

_____

**Per Curiam.**

{¶ 1}  This is an appeal from a judgment denying a writ of mandamus to compel the State Department of Education to hear a community school's appeal from its sponsor's decision to terminate sponsorship of the school. Because the Department of Education has no duty to provide the requested relief, we affirm the judgment of the court of appeals.

### Case Background

{¶ 2}  Appellant, Nation Building Technical Academy ("academy"), is a public, nonprofit corporation. In March 2004, Lucas County Educational Service Center ("Lucas County ESC"), a state-approved, community-school sponsor, contracted to sponsor a community school operated by the academy in Cincinnati.

**{¶ 3}** One year later, Lucas County ESC notified the academy that its school was being placed on probation. A couple of months thereafter, after conducting a site visit and review, Lucas County ESC suspended the school effective at the conclusion of the 2004-2005 academic year.

**{¶ 4}** By letter and notice dated December 2, 2005, Lucas County ESC notified the academy that effective 90 days from the date of receipt of the notice, the contract would be terminated for various reasons, including a failure to meet student-performance requirements, failure to meet generally accepted standards of fiscal management, violations of state law, and failure to hire certified staff. In the notice of termination, Lucas County ESC informed the academy of the following appellate procedure to challenge the school's proposed termination:

**{¶ 5}** "The School may, within fourteen (14) days of receipt of this Notice, request an informal hearing before [Lucas County ESC]. This request must be in writing. Upon receipt of proper written notice, [Lucas County ESC] will hold an informal hearing within seventy (70) days thereafter. [Lucas County ESC] will issue a written decision either affirming or rescinding the decision to terminate the contract. [Lucas County ESC's] decision to terminate the contract may be appealed to the State Board of Education."

**{¶ 6}** The academy did not request an informal hearing before Lucas County ESC following its receipt of the notice of termination. Instead, it appealed Lucas County ESC's decision to appellee, Ohio Department of Education, on December 12, 2005. Upon request by the department, Lucas County ESC informed the department that the contract with the academy had been terminated in accordance with the statutory requirements and that the academy had waived its right to challenge the termination because it had failed to request an informal hearing before Lucas County ESC.

**{¶ 7}** In May 2006, the academy requested that the State Department of Education review its appeal. The department responded that because a timely

request for an informal hearing before Lucas County ESC was not made, the academy could not appeal to the department. The department later denied the academy's request for reconsideration. The effect of the termination for cause of the sponsorship of the academy has been to prevent it from operating a community school since the 2004-2005 school year. See also R.C. 3314.07(B)(6) ("Any community school whose contract is terminated under this division shall not enter into a contract with any other sponsor").

{¶ 8} After the department refused to consider its appeal, the academy filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel the department to hear the appeal. The department filed an answer, and the parties submitted evidence and briefs. The court of appeals magistrate concluded that there was no statutory requirement that a community school request an informal hearing from the sponsor before appealing the sponsor's decision to terminate a contract and recommended granting the requested writ.

{¶ 9} In November 2008, the court of appeals sustained one of the department's objections to the magistrate's decision and denied the writ.

{¶ 10} This cause is now before us upon the academy's appeal as of right.

**Mandamus Action**

{¶ 11} To be entitled to the requested extraordinary relief in mandamus, the academy is required to establish a clear legal right to have the department hear its appeal, a corresponding clear legal duty on the part of the department to hear the appeal, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Couch v. Trimble Local School Dist. Bd. of Edn.*, 120 Ohio St.3d 75, 2008-Ohio-4910, 896 N.E.2d 690, ¶ 12.

{¶ 12} The court of appeals determined that the academy had not established either a clear legal right to have the department hear its appeal or a clear legal duty on the part of the department to hear it. "Community schools are

independently governed public schools within an existing school district under R.C. Chapter 3314." Baldwin's Ohio School Law (2008) 1265, Section 48:1. "Each community school is governed by a contract between the governing authority of the school and its sponsor. R.C. 3314.03. * * * If the school does not meet its contract objectives, the sponsor may choose not to renew the contract. Alternatively, the sponsor may terminate the contract for good cause before the end of the contract's term. R.C. 3314.07." *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 9.

{¶ 13} This case involves the proper interpretation of the appellate procedure specified in R.C. 3314.07 for the termination of the community-school contract. R.C. 3314.07(B) permits a sponsor to terminate a community-school contract prior to its expiration for good cause. R.C. 3314.07(B) further provides:

{¶ 14} "(3) At least ninety days prior to the termination or nonrenewal of a contract, the sponsor shall notify the school of the proposed action in writing. The notice shall include the reasons for the proposed action in detail, the effective date of the termination or nonrenewal, and a statement that the school may, within fourteen days of receiving the notice, request an informal hearing before the sponsor. Such request must be in writing. The informal hearing shall be held within seventy days of the receipt of a request for the hearing. Promptly following the informal hearing, the sponsor shall issue a written decision either affirming or rescinding the decision to terminate or not renew the contract.

{¶ 15} "(4) A decision by the sponsor to terminate a contract may be appealed to the state board of education. The decision by the state board pertaining to an appeal under this division is final. If the sponsor is the state board, its decision to terminate a contract under division (B)(3) of this section shall be final."

**{¶ 16}** In resolving this appeal, "[w]e must consider the statutory language in context, construing words and phrases in accordance with rules of grammar and common usage." *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 16.

**{¶ 17}** The academy asserts that R.C. 3314.07(B)(4) unambiguously permitted it to appeal Lucas County ESC's decision to terminate the community-school contract without first seeking an informal hearing before Lucas County ESC. As noted above, R.C. 3314.07(B)(4) provides that "[a] decision by the sponsor to terminate a contract may be appealed to the state board of education."[1]

**{¶ 18}** The academy's argument, however, ignores the remaining provisions of the statute. "In reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body." *State v. Wilson* (1997), 77 Ohio St.3d 334, 336, 673 N.E.2d 1347; *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 34. To determine this legislative intent, "significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible." *Wilson*, 77 Ohio St.3d at 336-337, 673 N.E.2d 1347; R.C. 1.47(B).

**{¶ 19}** R.C. 3314.07(B)(5) provides:

**{¶ 20}** "The termination of a contract under this section shall be effective upon the occurrence of the later of the following events:

**{¶ 21}** "(a) Ninety days following the date the sponsor notifies the school of its decision to terminate the contract as prescribed in division (B)(3) of this section;

**{¶ 22}** "(b) If an informal hearing is requested under division (B)(3) of this section and as a result of that hearing the sponsor affirms its decision to

---

1. The State Board of Education is an agency of appellee, the State Department of Education. R.C. 3301.13.

terminate the contract, the effective date of the termination specified in the notice issued under division (B)(3) of this section, or if that decision is appealed to the state board under division (B)(4) of this section and the state board affirms that decision, the date established in the resolution of the state board affirming the sponsor's decision."

{¶ 23} As the court of appeals concluded, R.C. 3314.07(B)(5) is relevant to the determination of the intent and scope of the right to appeal to the state board of education:

{¶ 24} "Upon review, we agree with respondent that R.C. 3314.07(B)(5)(a) addresses termination of a contract in instances where a sponsor provides written notice to a school of the proposed adverse action, but the school fails to request an informal hearing within 14 days of such notice (i.e., the contract terminates '[n]inety days following the date the sponsor notifies the school of its decision to terminate the contract'). Further, the language of R.C. 3314.07(B)(5)(b) addresses the termination events for the following remaining scenarios: (1) '[i]f an informal hearing is requested' by the school and, following the hearing, the sponsor affirms its decision to terminate the contract, the contract terminates as of the date specified in the notice, or (2) if 'that decision' is appealed to the state board and the state board affirms that decision, the termination of the contract is the date established in the resolution of the state board.

{¶ 25} "Presumably, had the drafters of R.C. 3314.07 intended to allow an appeal without a request for an informal hearing, the statute could have included language to the effect that the school may, within 14 days of receiving the notice, request an informal hearing before the sponsor *or appeal directly to the state school board*. While the provisions of R.C. 3314.07 may not be a model of clarity, in construing the language of R.C. 3314.07(B)(3), (4), and (5) as a whole, we agree with respondent that the statute requires a community school to first

request an informal hearing and receive a written decision from the sponsor before appealing to the state board of education. Thus, we conclude that relator has failed to state a claim upon which relief in mandamus can be granted, and respondent's objection on this issue is well-taken." (Emphasis sic.) *State ex rel. Nation Bldg. Technical Academy v. Ohio Dept. of Edn.*, Franklin App. No. 07AP-169, 2008-Ohio-5967, ¶ 16-17.

**{¶ 26}** The court of appeals' analysis of the statute is persuasive and gives effect to every part of R.C. 3314.07(B), including subsections (3) and (5). See also *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 26. The "decision" that can be appealed to the state board of education that is referred to in R.C. 3314.07(B)(4) is thus the decision made by the sponsor promptly following the informal hearing requested by the school challenging the sponsor's proposed termination of the contract. Although the academy cites various other interpretative rules to construe these provisions, none of these advocated rules gives effect to the plain language of all of the pertinent provisions. It has failed to establish either a clear legal right to have the department hear its appeal or a clear legal duty on the part of the department to do so.

### Conclusion

**{¶ 27}** Therefore, the academy failed to establish its entitlement to the requested extraordinary relief in mandamus, and we affirm the judgment denying the writ.

*Judgment affirmed.*

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Law Office of Marc Mezibov, Marc D. Mezibov, and Stacy A. Hinners, for appellant.

Richard Cordray, Attorney General, and Todd R. Marti and Mia T. Meucci, Assistant Attorneys General, for appellee.

_____