[Cite as *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas,* 129 Ohio St.3d 30, 2011-Ohio-626.]

THE STATE EX REL. ELECTRONIC CLASSROOM OF TOMORROW *v.* CUYAHOGA
COUNTY COURT OF COMMON PLEAS ET AL.

**[Cite as *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty.
Court of Common Pleas,* 129 Ohio St.3d 30, 2011-Ohio-626.]**

*Mandamus and prohibition — Writ of prohibition sought to prevent common
pleas court and judges from enforcing a judgment — Writ of prohibition
granted because trial court lacked jurisdiction to proceed while appeal
was pending in the court of appeals — Writ of mandamus sought to
compel common pleas court judges to issue a stay of execution of
judgment without bond pending appeal — Writ of mandamus granted
because relator is a political subdivision.*

(No. 2010-1401 — Submitted January 4, 2011 — Decided February 16, 2011.)

IN PROHIBITION and MANDAMUS.

_____

**Per Curiam.**

{¶ 1}   This is an action for a writ of prohibition to prevent respondents
Cuyahoga County Court of Common Pleas, Judge Ronald Suster, and Judge
James D. Sweeney from enforcing the judgment in favor of respondent
Supportive Solutions Training Academy, L.L.C., against relator, Electronic
Classroom of Tomorrow ("ECOT"), issued in *Supportive Solutions Training
Academy, L.L.C. v. Electronic Classroom of Tomorrow*, Cuyahoga C.P. No. CV
08 652873.  Relator also seeks a writ of mandamus to vacate the allegedly invalid
portions of the judgment in the case and to compel the common pleas court judges
to issue a stay of execution of the remaining judgment without bond pending
appeal.   Because relator has established its entitlement to the requested
extraordinary relief, we grant the writs.

**Facts**

**{¶ 2}** Relator is a community school established pursuant to R.C. Chapter 3314. ECOT was the first Internet-based community school in Ohio and is currently the state's largest community school. Its operating revenues are derived almost exclusively from state and federal funds.

**{¶ 3}** ECOT entered into a series of service agreements with respondent Supportive Solutions Training Academy, L.L.C. ("Supportive Solutions") to take effect beginning in the 2007-2008 school year. ECOT paid Supportive Solutions $107,110, which ECOT believed was all that was due under the agreements, but Supportive Solutions claimed that it was entitled to more. Supportive Solutions went out of business and provided no further services to ECOT after December 2009.

**{¶ 4}** In March 2008, Supportive Solutions filed a suit for damages against ECOT and others in the Cuyahoga County Court of Common Pleas. The case, which was designated *Supportive Solutions Training Academy, L.L.C. v. Electronic Classroom of Tomorrow*, Cuyahoga C.P. No. CV 08 652873, included claims of breach of implied contract, misrepresentation, negligent misrepresentation, promissory estoppel, unjust enrichment, fraud, fraud in the inducement, respondeat superior, and defamation. The case was originally assigned to Judge Ronald Suster. ECOT and the other defendants filed an answer in which they did not raise the affirmative defense of political-subdivision immunity. In December 2008, Supportive Solutions filed an amended complaint to raise a claim of tortious interference with business relations against a new defendant, Lucas County Educational Service Center ("Service Center"). In ECOT's answer to the amended complaint, it again did not raise political-subdivision immunity as an affirmative defense.

**{¶ 5}** In January 2009, Service Center moved to dismiss Supportive Solutions' claim against it based on, among other things, political-subdivision

immunity. Shortly thereafter, Service Center was dismissed from the case. Nearly a year later, in January 2010, ECOT raised for the first time the defense of political-subdivision immunity in its motion for partial summary judgment. After Supportive Solutions claimed that ECOT had waived this affirmative defense by failing to raise it in the answer, ECOT filed a motion for leave to file an amended answer. Judge Suster denied ECOT's motion in an entry journalized in April 2010. Judge Suster also granted ECOT and the other defendants' motion for partial summary judgment on the claims of fraud and intentional misrepresentation and ordered that the remaining claims be resolved at the scheduled trial.

{¶ 6} ECOT and the other defendants appealed from the court's decision denying their motion for leave to amend their answer to include the affirmative defense of political-subdivision immunity. Supportive Solutions moved to stay the trial court case pending resolution of ECOT's appeal. In its motion, Supportive Solutions conceded that of the remaining causes of action against ECOT, the motion for leave to amend the answer "would have an impact on seven" of them. The trial proceeded before Judge James D. Sweeney, who denied ECOT's motion to limit the evidence to Supportive Solutions' express-contract claims and any other matters that were not currently under the jurisdiction of the court of appeals.

{¶ 7} On May 7, 2010, the jury returned a verdict for Supportive Solutions and against ECOT and the other defendants for $1,000,000 for breach of implied contract, $120,000 for negligent misrepresentation, and $86,400 for breach of express contract. Judge Sweeney entered a judgment reflecting the jury verdict, granted Supportive Solutions prejudgment interest in the amount of $104,973.32, and denied ECOT's motion for judgment notwithstanding the verdict or for a new trial. ECOT appealed from the judgment, and ECOT's motion for stay of execution of the judgment was denied.

**{¶ 8}** ECOT then filed a motion in the court of appeals for a stay of execution of the common pleas court's judgment pending appeal, and Supportive Solutions filed a motion for a supersedeas bond. On July 30, 2010, the court of appeals granted the stay but conditioned it on ECOT's posting of a supersedeas bond in the amount of $1,210,000. On the same day, the court of appeals dismissed ECOT's earlier appeal from the common pleas court's denial of its motion for leave to file an amended answer for lack of a final, appealable order.

**{¶ 9}** On August 10, 2010, ECOT filed this action for extraordinary relief. ECOT requests a writ of prohibition to prevent respondents, Cuyahoga County Court of Common Pleas, Judge Suster, and Judge Sweeney, from enforcing the allegedly invalid portion of its judgment in the underlying case, a writ of mandamus requiring the common pleas court and judges to vacate that portion of the judgment, and, insofar as any money judgment against ECOT remains, a writ of mandamus to compel the common pleas court and judges to issue a stay of execution without bond pursuant to Civ.R. 62(C). ECOT also named Supportive Solutions as a respondent but did not request any relief against it. A few days later, ECOT filed a motion for an emergency stay of execution of the judgment. On August 17, we granted ECOT's motion and an alternative writ. 126 Ohio St.3d 1536, 2010-Ohio-3840, 931 N.E.2d 1099. On August 20, the court of appeals stayed its consideration of ECOT's appeal and related appeals pending our disposition of this writ case. The parties have submitted evidence and briefs in this case.

**{¶ 10}** This cause is now before the court for our consideration of the merits.

### Legal Analysis

*Jurisdiction of Trial Court Pending Appeal*

**{¶ 11}** "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future

4

unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. "Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 12} ECOT first requests a writ of prohibition to prevent the common pleas court and judges from enforcing the $1.2 million judgment against it and a writ of mandamus to vacate those portions of the judgment that it alleges are invalid because they were entered while ECOT's appeal from the denial of its motion for leave to file an amended answer was pending.

{¶ 13} "[W]e have consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8.

{¶ 14} When ECOT appealed from Judge Suster's denial of its motion for leave to file an amended answer to raise the affirmative defense of political-subdivision immunity, the common pleas court and its judges lacked authority to proceed with the trial of any claims that might be subject to ECOT's immunity defense because those claims were within the appellate court's jurisdiction on review. Those claims included all of Supportive Solutions' claims against ECOT except the breach-of- written-contract claim. In fact, in various motions filed by Supportive Solutions after ECOT filed its first appeal, Supportive Solutions acknowledged that most of the claims against ECOT should be stayed pending appeal. Judge Sweeney, however, proceeded with the jury trial on all the pending claims, including those that could be affected by ECOT's appeal, e.g., Supportive

Solutions' claims for breach of implied contract and for negligent misrepresentation.

**{¶ 15}** It is true that the court of appeals has now dismissed ECOT's appeal from the denial of its motion for leave to file an amended answer for lack of a final, appealable order and that the jurisdictional bar of a pending appeal does not apply when the appeal is no longer pending. See *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 12-13. But the common pleas court acted *while the appeal was pending* by conducting a jury trial on the affected claims and entering judgment on the jury verdict; the court did not wait for the court of appeals to resolve the appeal before it proceeded.

**{¶ 16}** Moreover, the mere fact that ECOT perfected the appeal from an order that the court of appeals ultimately determined not to be a final, appealable order did not confer authority on the trial court to proceed on those claims that could be affected while the appeal was pending. "[T]he determination as to the appropriateness of an appeal lies solely with the appellate court," and a trial court judge's opinion that the order appealed from is not a final, appealable order does not alter the fact that the filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 10-11; see also *In re Terrance P.* (1997), 124 Ohio App.3d 487, 489, 706 N.E.2d 801 ("the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court").

**{¶ 17}** Furthermore, the common pleas court's and judges' reliance on the statement in *Everhart*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 14, that "a premature notice of appeal under App.R. 4(C) does not divest the trial court of jurisdiction to proceed because the appeal has not yet been perfected" is misplaced. The quote refers to a notice of appeal filed "after the announcement of a decision, order, or sentence but before the entry of the judgment or order." Id.;

see App.R. 4(C). The appeal in *Everhart* was from an oral decision and not from a decision journalized on the record. *Everhart* at ¶ 2, 4. ECOT's appeal was not from an oral decision but from a journalized order. Nothing in *Everhart* overruled our decision in *S.J.* precluding a trial court from usurping a court of appeals' exclusive authority to determine whether a journalized order that has been appealed constitutes a final, appealable order.

{¶ 18} Therefore, consistent with longstanding precedent, the common pleas court and judges patently and unambiguously lacked jurisdiction to proceed on all the claims against ECOT that were affected by its appeal, i.e., all the claims except for breach of express contract. By so holding, we need not address ECOT's arguments that the order appealed from constitutes a final, appealable order. Accordingly, ECOT is entitled to a writ of prohibition to prevent the common pleas court and judges from enforcing those portions of the judgment against it finding it liable for breach of implied contract and negligent misrepresentation and assessing damages on those claims and to a writ of mandamus to compel the court and judges to vacate those portions of the judgment.

*Stay Pending Appeal*

{¶ 19} For the remaining portion of the judgment against ECOT relating to Supportive Solutions' claim for breach of express contract, ECOT requests a writ of mandamus to compel the common pleas court and judges to stay execution of the judgment while the appeal is pending, without requiring it to post a bond. To be entitled to the writ, ECOT must establish a clear legal right to the stay without bond, a corresponding clear legal duty on the part of the common pleas court and judges to issue the stay without bond, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 8.

{¶ 20} Civ.R. 62(B) and (C) provide:

**{¶ 21}** "(B) Stay upon appeal

**{¶ 22}** "When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond.  The bond may be given at or after the time of filing the notice of appeal.  The stay is effective when the supersedeas bond is approved by the court.

**{¶ 23}** "(C) Stay in favor of the government

**{¶ 24}** "*When an appeal is taken by this state or political subdivision, or administrative agency of either, or by any officer thereof acting in his representative capacity and the operation or enforcement of the judgment is stayed, no bond, obligation or other security shall be required from the appellant*." (Emphasis added.)

**{¶ 25}** The dispositive issue here is whether ECOT, a community school established pursuant to R.C. Chapter 3314, constitutes a political subdivision so as to be entitled under Civ.R. 62(B) and (C) to a stay pending its appeal without the posting of a supersedeas bond.

**{¶ 26}** "A community school created under this chapter is a public school, independent of any school district, and is part of the state's program of education."  R.C. 3314.01(B).  " 'Community schools are independently governed public schools within an existing school district under R.C. Chapter 3314.' " *State ex rel. Nation Bldg. Technical Academy v. Ohio Dept. of Edn.*, 123 Ohio St.3d 35, 2009-Ohio-4084, 913 N.E.2d 977, ¶ 12, quoting Baldwin's Ohio School Law (2008) 1265, Section 48:1.  And under R.C. 2744.01(F), a "political subdivision" for purposes of the governmental-immunity provisions of R.C. Chapter 2744 includes community schools.  See also R.C. 4117.01(B), which includes under the definition of a "public employer" for purposes of public-employee collective bargaining any political subdivision of the state, including

the "governing authority of a community school established under [R.C.] Chapter 3314."

{¶ 27} Therefore, as the United States Court of Appeals for the Sixth Circuit held, "[a]fter considering Ohio's statutory and case law, as well as the substantive control that Ohio exerts on its community schools, it is apparent that community schools are political subdivisions of the state." *Greater Hts. Academy v. Zelman* (C.A.6, 2008), 522 F.3d 678, 680. Consequently, ECOT is entitled to a stay of the judgment pending appeal without posting a supersedeas bond.

{¶ 28} The mere fact that ECOT may not have timely raised political-subdivision immunity as an affirmative defense during the course of the underlying proceeding does not mean that ECOT waived its entitlement to the stay without bond pending its appeal. Nothing in Civ.R. 62 conditions the stay on whether the governmental entity or officer asserted an immunity defense by timely pleading it in the underlying case. And respondents cite no pertinent precedent so holding. ECOT claimed that it was a political subdivision and was thus entitled to the benefits of Civ.R. 62 when it requested that the common pleas court issue the stay. And it has established that as a community school established under R.C. Chapter 3314, it is a political subdivision for purposes of Civ.R. 62.

{¶ 29} Moreover, Civ.R. 62 patently and unambiguously imposes on the court of common pleas and its judges the duty to issue a stay without a supersedeas bond upon an appeal and request for stay by a political subdivision. In such a circumstance, the availability of alternative remedies such as a discretionary appeal from the court of appeals' setting of a supersedeas bond is immaterial. See *Sapp*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. In addition, in these cases, we have never relegated political subdivisions or public officials to motions or actions in the court of appeals to seek the same relief of a stay pending appeal without bond. See *State ex rel. Geauga Cty. Bd.*

*of Commrs. v. Milligan*, 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361; *State ex rel. State Fire Marshal v. Curl* (2000), 87 Ohio St.3d 568, 722 N.E.2d 73; *State ex rel. Ocasek v. Riley* (1978), 54 Ohio St.2d 488, 8 O.O.3d 466, 377 N.E.2d 792. Thus, ECOT's mandamus claim is not precluded by the possible availability of an adequate remedy in the ordinary course of law by way of discretionary appeal from the court of appeals' ruling.

{¶ 30} Therefore, consistent with precedent, ECOT is entitled to a writ of mandamus to compel the common pleas court and its judges to stay the remaining portion of the judgment in the underlying civil case without requiring ECOT to post a supersedeas bond. *Geauga Cty. Bd. of Commrs.*, *State Fire Marshal*, *Ocasek*.

## Conclusion

{¶ 31} Based on the foregoing, ECOT has established its entitlement to a writ of prohibition to prevent the common pleas court, Judge Suster, and Judge Sweeney from enforcing the portions of the judgment in the underlying civil case that were subject to an appeal filed by ECOT from the denial of its motion for leave to amend its answer and a writ of mandamus ordering the common pleas court and judges to vacate those portions of the judgment. ECOT is also entitled to a writ of mandamus to compel the common pleas court, Judge Suster, and Judge Sweeney to stay the portion of the judgment relating to the breach of express contract without requiring the posting of bond pending ECOT's appeal of the judgment. We also deny ECOT's request for oral argument.

Writs granted.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment only.

————————————

Paul W. Flowers Co., L.P.A., and Paul W. Flowers; and Demer & Marniella, L.L.C., John A. Demer, and James A. Marniella, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for respondents Cuyahoga County Court of Common Pleas, Judge Ronald Suster, and Judge James D. Sweeney.

Ann Vaughn and Maureen Connors, for respondent Supportive Solutions Training Academy, L.L.C.

_____