Lanzinger, J.,
dissenting.
{¶ 24} I respectfully dissent and would affirm the judgment of the Eighth District Court of Appeals. Interpreting R.C. 2744.02(C) to allow an immediate appeal of a trial court’s order denying a motion for leave to file an amended answer is, I believe, an unwarranted extension of Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.
{¶ 25} The Hubbell majority accepted the idea that an order denying the city of Xenia summary judgment on grounds of immunity was an appealable order, despite the fact that the order did not completely resolve the immunity question between the parties. The Hubbell majority held that “[w]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity” and is therefore appealable under R.C. 2744.02(C). Id. at syllabus. In my view, to be a final, appealable order under this statute, the order must be a final disposition of the immunity defense. I believe Hubbell to have been wrongly decided, and at the very least, it should be confined to its facts.
{¶ 26} In a well-reasoned opinion, this court unanimously held that the denial of a Civ.R. 12(B)(6) motion to dismiss is not a final, appealable order. State Auto. Mut. Ins. Co. v. Titanium Metals Corp., 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199. So too here we should recognize that the court did not finally determine the issue of immunity adversely to a party, giving rise to an appealable order under R.C. 2744.02(C). In this case, the trial court simply did not grant leave to Electronic Classroom of Tomorrow (“ECOT”) to file an amended answer. *31 There was no “denial” on the merits of an immunity defense. Therefore, R.C. 2744.02(C) does not apply.
{¶ 27} As the court of appeals recognized, political subdivisions are subject to the same civil rules as are other litigants. Civ.R. 8(C) requires that in a responsive pleading, a party “set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense,” which includes the defense of political-subdivision immunity. Here, the case commenced in March 2008, and ECOT filed answers to the amended complaint and the second amended complaint without asserting the affirmative defense of political subdivision immunity. A codefendant raised the immunity defense in a motion to dismiss in January 2009. See State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 5. But not until a year later did ECOT attempt to raise the immunity issue in a motion for partial summary judgment. It was not until Supportive Solutions argued that ECOT had waived the immunity defense that ECOT attempted to obtain leave to file an amended answer.
{¶ 28} Civ.R. 15(A) allows for amendment of pleadings by leave of court and provides that “[l]eave of court shall be freely given when justice so requires.” I would hold that ECOT waived its right to raise the immunity defense in this case, just as we held in a case in which the motion to amend the answer came after reversal of summary judgment on appeal, almost three years after the case was filed and four months before the trial. Turner v. Cent. Local School Dist., 85 Ohio St.3d 95, 98-99, 706 N.E.2d 1261 (1999).
{¶ 29} A trial court’s decision to grant or deny a party leave to amend a pleading is reviewed on the standard of abuse of discretion. Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co., 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). An abuse of discretion connotes more than an error of law or of judgment; it implies that the court’s attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), citing State v. Adams, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).
{¶ 30} If the majority is correct that denial of leave to file an amended answer under these circumstances is immediately appealable, then the only issue is whether the trial court acted unconscionably in denying leave. Furthermore, if ECOT was deprived of its defense, it was because of its own inactivity, not a denial by the court.
{¶ 31} The majority states that R.C. 2744.02(C) focuses on the effect of the trial court’s order on a party’s ability to claim immunity. If that is accurate, then potentially any adverse intermediate order is subject to interlocutory appeal in a case in which immunity may be claimed. This matter has been in litigation for over five years and now is to be remanded to the court of appeals for a piecemeal *32 review that will cause further delay and expense to both parties. Certainly this cannot be what the General Assembly intended.
Demer & Marniella, L.L.C., John A. Demer, and James A. Marniella; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellant.
Davis & Young and Kurt D. Anderson, urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.
Pfeifer, J., concurs in the foregoing opinion.