Kennedy, J., dissenting.
{¶ 26} In Howard v. Allen , we construed a prior version of Ohio's saving statute, R.C. 2305.19, and held that it did not apply to actions initially commenced or attempted to be commenced in other states. 30 Ohio St.2d 130, 132, 283 N.E.2d 167 (1972). Today, almost a half-century later, we are asked to decide whether this construction of the saving statute still controls, given that the holding in Howard has been modified by a subsequent decision of this court, that the statute has been amended to encompass "any action," and that the reasoning and policy concerns on which the holding in Howard is grounded have been eroded by the General Assembly's enactment of R.C. 2305.03(B), the borrowing statute. In light of these developments, the meaning of R.C. 2305.19 warrants a fresh review, and because the plain language of the saving statute applies to "any action that is commenced or attempted to be commenced," it applies to an action commenced or attempted to be commenced in another state, whether in state or federal court. For these reasons, I would affirm the judgment of the court of appeals.
The Flawed Analysis of Howard
{¶ 27} In Howard , we examined former R.C. 2305.19, which at that time provided: "In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date." (Emphasis added.) See Am.H.B. No. 1, 125 Ohio Laws 7. We construed this language as permitting refiling only when the dismissed action had been commenced or attempted to be commenced in Ohio within the applicable limitations period. Howard 's reasoning, however, no longer withstands scrutiny.
{¶ 28} In Howard , we concluded that the Ohio statute of limitations applied to all actions filed in this state and that "[t]he commencement of an action in one state does not toll the running of limitations against an action [in Ohio] for the same cause of action and between the same parties in another state." Id. at 134, 283 N.E.2d 167. However, whether an action brought in another state tolls the Ohio limitations period is irrelevant, because the saving statute applies only if the limitations period has expired . To "toll" means to stop the running of a time period, Black's Law Dictionary 1716 (10th Ed.2014), so that when a limitations period has been tolled, it has not yet expired. " R.C. 2305.19 has no application unless an *221 action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run." Lewis v. Connor , 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985).
{¶ 29} Further, it is no longer true that Ohio's statute of limitations applies to all actions brought in this state. Effective in 2005, the General Assembly enacted the borrowing statute, R.C. 2305.03(B), which provides:
No civil action that is based upon a cause of action that accrued in any other state, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired.
Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7930-7931. The borrowing statute is "a legislative exception to the general rule that a forum state always applies its own statute-of-limitations law," Taylor v. First Resolution Invest. Corp. , 148 Ohio St.3d 627, 2016-Ohio-3444, 72 N.E.3d 573, ¶ 37, and Ohio courts will now apply another state's limitations period if it is shorter than this state's, R.C. 2305.03(B). Therefore, any policy concerns about forum shopping for a longer limitations period have been alleviated and are no longer a basis for declining to apply the saving statute to actions initially brought in another state.
{¶ 30} The court in Howard relied on Civ.R. 3(A) to conclude that for purposes of the saving statute, "commencement" means filing a complaint with the court and obtaining service within one year of filing. Because the Ohio Rules of Civil Procedure apply only to the "courts of this state," the court reasoned, "the phrase 'commenced or attempted to be commenced' contained in R.C. 2305.19 must be limited to actions before the courts of this state, absent an express provision to the contrary." Howard , 30 Ohio St.2d at 135, 283 N.E.2d 167. The flaw in that reasoning, however, is that at the time the General Assembly enacted the saving statute as part of the General Code, the Ohio Rules of Civil Procedure did not exist; therefore, the legislature could not have intended to incorporate Civ.R. 3(A) when enacting the saving statute. Moreover, our authority to promulgate procedural rules would not permit us to interpret Civ.R. 3(A) as limiting the scope of the saving statute. "[I]f a rule created pursuant to Section 5(B), Article IV [of the Ohio Constitution] conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." Proctor v. Kardassilaris , 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 17. And "[t]he existence and duration of a statute of limitations for a cause of action constitutes an issue of public policy for resolution by the legislative branch of government as a matter of substantive law." Erwin v. Bryan , 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 29.
{¶ 31} And had the court applied our rules of statutory construction in Howard , its analysis would have begun with determining and giving effect to the intent of the General Assembly as expressed in the language it enacted. See Griffith v. Aultman Hosp. , 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 18 ; Fisher v. Hasenjager , 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20. R.C. 1.42 provided then, and continues to provide now, that "[w]ords and phrases shall be *222 read in context and construed according to the rules of grammar and common usage."
{¶ 32} Former R.C. 2305.19 applied to "an action." "An" is a function word used when the noun it proceeds is "undetermined, unidentified, or unspecified," and it can mean "each." Webster's Third New International Dictionary 1, 75 (2002). The phrase "an action" is not limited to any specific actions or to those filed in this state's courts. Therefore, in order to reach its conclusion in Howard , the court had to add words to the statute to limit its scope to an "action commenced or attempted to be commenced in Ohio " (emphasis added), Howard at 135, 283 N.E.2d 167.
{¶ 33} For these reasons, it is my view that Howard was wrongly decided.
Amendments to R.C. 2305.19 Have Not Codified Howard
{¶ 34} The majority justifies its continued adherence to Howard based on the facts that the General Assembly has subsequently amended the saving statute twice and "[t]he amended statute contains no language demonstrating a legislative intent to expand the application of R.C. 2305.19 to actions originally commenced outside of Ohio." Majority opinion at ¶ 13.
{¶ 35} I recognize that generally "[i]t is presumed that the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment." Riffle v. Physicians & Surgeons Ambulance Serv., Inc. , 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 19, quoting Clark v. Scarpelli , 91 Ohio St.3d 271, 278, 744 N.E.2d 719 (2001). And we have observed that " ' "the General Assembly has shown no hesitation in acting promptly when it disagrees with appellate rulings involving statutory construction and interpretation." ' " Id. , quoting In re Bruce S. , 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, ¶ 11, quoting State v. Ferguson , 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 23.
{¶ 36} But there are two problems with presuming that the General Assembly intended to codify Howard 's holding when amending R.C. 2305.19. First, by the time the General Assembly amended the saving statute, we had decided Vaccariello v. Smith & Nephew Richards, Inc. , 94 Ohio St.3d 380, 763 N.E.2d 160 (2002). In that case, a majority of the court agreed that the saving statute applied to a class action that had been initially filed in a federal court in another state, so that a member of the class had one year from the denial of class certification in the federal court to refile the action in Ohio. Id . at 382-383, 763 N.E.2d 160 (lead opinion); id . at 390, 763 N.E.2d 160 (Douglas, J., concurring in part and dissenting in part). Importantly, the majority modified Howard "to the extent that it conflicts with this holding." Id . at 383, 763 N.E.2d 160 (lead opinion); id . at 390, 763 N.E.2d 160 (Douglas, J., concurring in part and dissenting in part). Because the court modified Howard 's holding so that the saving statute applies to at least some actions initially brought outside Ohio, it is not possible to presume, as the majority does, that the General Assembly intended to codify Howard 's unmodified holding when it amended the statute.
{¶ 37} Second, the amended statute does contain language indicating that the General Assembly intended the saving statute to apply to actions initially filed in a court outside Ohio. In 2004, the General Assembly enacted the current version of R.C. 2305.19(A) :
In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff *223 dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.
(Emphasis added.) Am.Sub.H.B. No. 161, 150 Ohio Laws, Part III, 3423, 3423-3424 ("H.B. 161").
{¶ 38} The legislature changed "an action" to "any action." R.C. 1.47(B) provides that "[i]n enacting a statute, it is presumed that * * * [t]he entire statute is intended to be effective." Further, R.C. 1.54 states, "A statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, so far as it is the same as the prior statute. " (Emphasis added.) We are therefore obliged to presume that the General Assembly intended its substitution of the word "any" for the word "an" to mean something, because in construing a statute, " 'significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible.' " State ex rel. Nation Bldg. Technical Academy v. Ohio Dept. of Edn. , 123 Ohio St.3d 35, 2009-Ohio-4084, 913 N.E.2d 977, ¶ 18, quoting State v. Wilson , 77 Ohio St.3d 334, 336-337, 673 N.E.2d 1347 (1997).
{¶ 39} Moreover, the General Assembly amended R.C. 2305.19 as part of remedial legislation that broadened the scope of the statute. H.B. 161 eliminated the "malpractice trap," in which a plaintiff whose case had been dismissed without prejudice before the original limitations period had run was required to refile the action within that period, regardless of how little time was left. Eppley v. Tri-Valley Local School Dist. Bd. of Edn. , 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 8-9. The amended statute permits filing within the limitations period or within one year from dismissal, whichever period is longer. Id . at ¶ 9.
{¶ 40} It is true that stare decisis is most compelling when precedent involves statutory construction, Rocky River v. State Emp. Relations Bd. , 43 Ohio St.3d 1, 6, 539 N.E.2d 103 (1989), but the amendment of a previously construed statute can make it "sufficiently different from the previous enactments to avoid the blanket application of stare decisis" and "warrant a fresh review," Arbino v. Johnson & Johnson , 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 24.
{¶ 41} Any judicial presumption that the legislature intended to codify the outdated holding in Howard cannot outweigh the plain meaning of the current version of the statute. Therefore, I would determine and give effect to the intent of the General Assembly as expressed in the language it enacted in amending R.C. 2305.19.
"Any Action" Means Any Action
{¶ 42} The saving statute applies to "any action." This court has noted that " ' "[a]ny" means "one or some indiscriminately of whatever kind." ' " Weiss v. Pub. Util. Comm ., 90 Ohio St.3d 15, 17, 734 N.E.2d 775 (2000), quoting State ex rel. Purdy v. Clermont Cty. Bd. of Elections , 77 Ohio St.3d 338, 340, 673 N.E.2d 1351 (1997), quoting Webster's Third New International Dictionary 97 (1971). The word "any" is "inclusive," The Way Internatl. v. Limbach , 50 Ohio St.3d 76, 80, 552 N.E.2d 908 (1990), and "is often used as meaning 'all,' " Wachendorf v. Shaver , 149 Ohio St. 231, 240, 78 N.E.2d 370 (1948), or "every," State v. Wells , 146 Ohio St. 131, 137, 64 N.E.2d 593 (1945). Because any action includes all actions and every action, it necessarily *224 applies to actions commenced in other states, whether in state or federal court. We would have to add language to the saving statute to limit it to "any action that is commenced, or attempted to be commenced," in Ohio , R.C. 2305.19(A). However, a court cannot insert language into a statute under the guise of statutory interpretation. Doe v. Marlington Local School Dist. Bd. of Edn ., 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 29. Instead, when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, our role is to apply it as written. Pelletier v. Campbell , 153 Ohio St.3d 611, 2018-Ohio-2121, 109 N.E.3d 1210, ¶ 14.
{¶ 43} This conclusion accords with recent decisions in other jurisdictions holding that saving statutes that use the phrase "any action" apply to actions initially brought in another state. E.g ., Seaboard Corp. v. Marsh Inc. , 295 Kan. 384, 405, 284 P.3d 314 (2012) ("grafting restrictions on the words 'any action' or 'commenced,' as would be required if we were to hold that the Kansas saving statute applies only to actions originally filed in a Kansas state court, is contrary to our long-established rules of statutory construction"); Reid v. Spazio , 970 A.2d 176 (Del.2009) (an action initially filed in Texas could be refiled in Delaware under Delaware's saving statute).
{¶ 44} Because Ohio's saving statute uses the phrase "any action," it applies to a lawsuit initially commenced in federal court in Indiana. Accordingly, I would affirm the judgment of the court of appeals.