[Cite as *Kellie Auto Sales, Inc. v. Hernandez*, 2020-Ohio-1516.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kellie Auto Sales, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-462 |
| v. | : | (M.C. No. 2017CVF-4018) |
| Clisanta M. Hernandez, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 16, 2020

**On brief**: *Teresa Villarreal*, for appellant.

APPEAL from the Franklin County Municipal Court

BROWN, J.

{¶ 1} Clisanta M. Hernandez, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court in which the court granted judgment and damages in favor of Kellie Auto Sales, Inc., plaintiff-appellee. Appellee has not filed an appellate brief.

{¶ 2} On February 1, 2017, appellee filed a complaint for monetary damages against appellant. Appellee alleged that, on December 17, 2016, appellant drove her vehicle into several parked vehicles on appellee's car sale lot. On July 14, 2017, appellant filed an answer denying the allegations in the complaint and raising several general defenses.

{¶ 3} On November 15, 2018, the matter came before the court for trial and, according to appellee's counsel, appellee's counsel informed the court the matter had been settled based on a phone call with appellant's counsel the prior evening.

{¶ 4}  Also, on November 15, 2018, new counsel for appellant entered an appearance.

{¶ 5}  On November 20, 2018, the court issued an entry in which it indicated the case had been settled and an agreed judgment or dismissal entry must be filed by December 18, 2018 or the case would be dismissed without prejudice.

{¶ 6}  On December 3, 2018, appellee filed a motion to enforce the settlement agreement. In the motion, appellee's counsel indicated that he and appellant's former counsel settled the matter on the evening before trial, November 14, 2018, and that appellant's counsel authorized appellee's counsel to inform the court of the settlement when the matter was called for trial the next day. Appellee's counsel also indicated he informed the court of the settlement the following day, November 15, 2018, and the court informed counsel it would forward to counsel a standard "case settled, entry to follow" entry.  That afternoon, appellee's counsel received a notice of appearance fax from appellant's new counsel. Appellee's counsel tried to telephone appellant's new counsel, but she did not return the call. According to appellee's counsel, when he received the court's standard "case settled, entry to follow" entry on December 3, 2018, he contacted appellant's former counsel who indicated he had been terminated. Appellee's counsel indicated he had called and left messages for appellant's new counsel on several occasions, but never received a return call. Appellant's new counsel did not file a response to the motion to enforce settlement agreement.

{¶ 7}  On February 19, 2019, appellant filed a motion to dismiss, pursuant to Civ.R. 12(C), claiming that someone had stolen her vehicle and crashed it into appellee's vehicles on the day in question. She claimed that: (1) as a victim of a stolen vehicle, she was not responsible for the damages to appellee's vehicles caused by the thief, (2) appellee failed to join an indispensable party, i.e., the car thief, pursuant to Civ.R. 19, and (3) appellee's action was barred by the doctrine of laches based on its delay in filing the action against the proper parties.

{¶ 8}  On June 20, 2019, the case came before the court for trial. Counsel for both parties appeared, although appellant did not appear. There is no transcript of the trial in the record.

{¶ 9}   On June 24, 2019, the trial court issued an entry in which it denied appellant's motion to dismiss, ordered the "agreed judgment" in the matter shall stand, and counsel for appellee was to submit an entry by July 22, 2019. The court indicated the entry was not a final appealable order. Appellant filed the present appeal from that judgment entry.

{¶ 10} On August 19, 2019, the trial court issued an entry. In the entry, the court again denied appellant's motion to dismiss. The court found, pursuant to the June 20, 2019 hearing, appellee was entitled to damages in the amount of $9,552.95, plus interest. Appellee's counsel was to submit an entry by September 13, 2019. The court indicated the entry was not a final appealable order.

{¶ 11} On August 29, 2019, the trial court issued a judgment entry. The trial court indicated the case came before the court on June 20, 2019 for trial. The court noted appellee appeared with counsel, appellant's new counsel appeared, but appellant did not appear. The court indicated Chris Bowman, a representative for appellee, offered testimony regarding the accident and the amount of damages, but appellant offered no testimony. The court found in favor of appellee on the issue of liability and awarded damages in favor of appellee in the amount of $9,552.95. The court denied appellee's motion to enforce settlement agreement and denied appellant's motion to dismiss. The court indicated the judgment entry was a final appealable order, and there was no just reason for delay.

{¶ 12} In her appeal, appellant asserts the following assignments of error:

> I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS.
>
> II. THE TRIAL COURT ERRED IN ENFORCING AN ORAL SETTLEMENT AGREEMENT.

{¶ 13} Initially, although neither party has raised the issue of whether the trial court's June 24, 2019 entry from which appellant appeals is a final appealable order, an appellate court may raise that jurisdictional issue sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.). Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of trial courts. Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lanstberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). A trial court order

is final and appealable only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶ 14} The order of the trial court from which appellant seeks to appeal is an entry denying her "motion to dismiss" pursuant to Civ.R. 12(C). Civ.R. 12(C), which is entitled "[m]otion for judgment on the pleadings," provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." However, a judgment denying a motion for judgment on the pleadings is not a final appealable order, with very limited exceptions not applicable here. *See Lonigro v. Lonigro*, 55 Ohio App.3d 30, 31 (2d Dist.1989); *Ohio Bur. of Workers' Comp. v. Shaffer*, 10th Dist. No. 13AP-67, 2013-Ohio-4570, ¶ 10, citing *Steinbrink v. Greenon Local School Dist.*, 2d Dist. No. 11CA0050, 2012-Ohio-1438, ¶ 16; *Paul C. Harger Trust v. Morrow Cty. Regional Planning Comm.*, 5th Dist. No. 03-CA-19, 2004-Ohio-6643, ¶ 24; and *S.O.S. Constr. Industries, Inc. v. Columbus Metro. Hous. Auth.*, 10th Dist. No. 02AP-655, 2003-Ohio-15, ¶ 24. *But see Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 14 (a denial of a motion for judgment on the pleadings based on R.C. Chapter 2744 immunity is a final appealable order). Absent a Civ.R. 54(B) determination by the trial court, a ruling on a Civ.R. 12(C) motion is interlocutory in nature, and the trial court may further address the issues raised therein. *Myles v. Johnson*, 2d Dist. No. 21600, 2007-Ohio-2963, ¶ 12.

{¶ 15} In the present case, appellant appealed the trial court's June 24, 2019 entry that denied her Civ.R. 12(C) motion for judgment on the pleadings. In the entry, the trial court specifically indicated that it was not a final appealable order, and there was no Civ.R. 54(B) language included in the entry. The trial court found the entry was not a final appealable order for good reason: the court had yet to issue a final determination of liability and damages, which it did not do until its final judgment entry on August 29, 2019. Therefore, we find the June 24, 2019 entry appellant appealed was not a final appealable order, and the present appeal must be dismissed.

{¶ 16} However, we must also address another issue. As outlined above, after appellant filed her notice of appeal of the June 24, 2019 entry, the trial court issued two additional entries. On August 19, 2019, the trial court issued an entry in which the court again denied appellant's motion to dismiss and awarded, based on the June 20, 2019 trial,

damages against appellant in the amount of $9,552.95. The court indicated the entry was not a final appealable order. On August 29, 2019, the trial court issued a judgment entry in which the court found in favor of appellee on the issue of liability and awarded damages in favor of appellee in the amount of $9,552.95. Also in the entry, the court denied appellant's motion to dismiss and, in apparent conflict with its disposition in the June 24, 2019 entry, denied appellee's motion to enforce settlement agreement. The court indicated the judgment entry was a final appealable order, and there was no just reason for delay.

{¶ 17}  It is well-established that, as a general rule, " 'once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' " *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, ¶ 8. Thus, generally, the timely filing of a notice of appeal precludes a trial court from issuing further orders affecting matters at issue in the appeal. *Horvath v. Packo*, 6th Dist. No. L-11-1318, 2013-Ohio-56, ¶ 45; *see Electronic Classroom of Tomorrow*, 2011-Ohio-626, at ¶ 14 (holding the trial court lacked the authority to enter final judgment on those claims implicated in the order challenged and issue raised in the appeal); *Whipps v. Ryan*, 10th Dist. No. 14AP-67, 2014-Ohio-5302, ¶ 42 (holding that the trial court lacked jurisdiction to entertain a motion that raised issues subject to determination by the appellate court in an earlier filed appeal). "When a trial court acts beyond its jurisdiction while an appeal is pending, its order is void." *Kitson v. Gordon Food Serv.*, 9th Dist. No. 15CA0078-M, 2016-Ohio-7079, ¶ 6. "A void judgment is a nullity." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, paragraph two of the syllabus.

{¶ 18}  Here, appellant appealed the June 24, 2019 entry that denied her motion for judgment on the pleadings and enforced the settlement agreement. Once she perfected her appeal of that order, the trial court lost its authority to take any further action regarding the motion for judgment on the pleadings or any dispositions as to ultimate liability and damages because those matters were within our jurisdiction on appellate review. By issuing the August 19 and 29, 2019 entries denying the motion to dismiss and motion to enforce settlement agreement, the trial court passed upon issues that were before us on appeal.

Thus, the pendency of the appeal divested the trial court of the jurisdiction necessary for it to issue its August 19 and 29, 2019 entries. Those orders, therefore, are void.

{¶ 19} Furthermore, even though this court has now determined that the June 24, 2019 entry was not a final appealable order, the Supreme Court of Ohio has found such a determination irrelevant to the jurisdictional issue discussed above. That court has held that a court of appeals' ultimate determination that the appealed order is not a final appealable order does not retroactively sanction a trial court's action on appealed matters during the pendency of the appeal. *Electronic Classroom of Tomorrow*, 2011-Ohio-626, at ¶ 16. Thus, once a party perfects an appeal of a journalized order, the trial court loses jurisdiction over matters inconsistent with the reviewing court's consideration and determination of the appeal, regardless of whether the order appealed is actually a final appealable order. *Brannon v. Persons*, 2d Dist. No. 27266, 2016-Ohio-8591, ¶ 4; *Horvath* at ¶ 30. Therefore, for the foregoing reasons, we must dismiss appellant's appeal as not being from a final appealable order.

{¶ 20} Accordingly, appellant's appeal is dismissed and the matter is remanded to the Franklin County Municipal Court for further proceedings in accordance with law, consistent with this decision.

*Appeal dismissed and cause remanded.*

BRUNNER and BEATTY BLUNT, JJ., concur.

_____