[Cite as *J.S. v. T.S.*, 2017-Ohio-1042.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| J.S. | : | JUDGES: |
|  | : |  |
|  | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : |  |
|  | : | Case No. 16CA18 |
|  | : |  |
| T.S. | : |  |
|  | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Knox County Court of
Common Pleas, Domestic Relations
Division, Case No. 13DC08-0145


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     March 22, 2017


APPEARANCES:

For Plaintiff-Appellee:              For Defendant-Appellant:

MARY L. RANNEY                       DONALD GALLICK
1 South Main Street                  190 North Union Street #102
P.O. Box 484                         Akron, OH 44304
Utica, OH 43080

*Delaney, P.J.*

{¶1}   Defendant-Appellant T.S. appeals the June 22, 2016 judgment entry of the Knox County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Defendant-Appellant T.S. ("Mother") and Plaintiff-Appellee J.S. ("Father") were divorced on October 30, 2015. There were two minor children born as issue of the marriage. The parties entered into a shared parenting plan, where Mother was the residential parent. Father paid child support to Mother.

{¶3}   Father filed a motion in contempt on May 11, 2015 after Mother failed to return the children to Father on the date required by the shared parenting plan. Mother also kept the older child out of school for two days without explanation. On May 11, 2015, Father also filed a motion for modification or termination of the shared parenting plan. Father requested that he be named the residential parent and legal custodian of the children.

{¶4}   The trial court appointed a Guardian ad litem for the children.

{¶5}   Father filed a second motion for contempt on January 20, 2016. Father argued Mother denied his parenting time the week of January 18, 2016 in contravention of the terms of the shared parenting plan.

{¶6}   The GAL filed his recommendation on April 29, 2016. The GAL recommended the trial court terminate the shared parenting plan and name Father the residential parent and legal custodian of the children.

{¶7}   A hearing was held before the magistrate on May 11, 2016.

{¶8}  The magistrate issued her proposed decision on June 3, 2016. The magistrate determined the evidence demonstrated there had been a change of circumstances and it was in the best interests of the children that the trial court terminate the shared parenting plan pursuant to R.C. 3109.04(E)(1)(a). The magistrate recommended the trial court name Father as the residential parent and legal custodian.

{¶9}  The magistrate used the child support computation worksheet to recommend that Mother pay Father child support. In making the income calculation, the magistrate found Mother was unemployed due to a work injury and had a pending workers' compensation claim. The magistrate found little testimony about Mother's inability to work. The magistrate imputed income to Mother in the amount of $16,848 and found Mother received $1,800 in workers' compensation.

{¶10} Father was able to provide private health insurance coverage for the children. He was named the health insurance obligor. The magistrate ordered Mother to pay 20% and Father to pay 80% of the "costs of the health care needs of the child that exceed the amount of cash medical support ordered to be paid, if any, when private health insurance coverage is not available or is not being provided in accordance with the support order OR of the uninsured health care costs or co-payment or deductible costs required under the health insurance policy, contract, or plan that covers the child, when private health insurance coverage is being provided in accordance with this support order." The magistrate further ordered that Father be reimbursed for out-of-pocket medical, optical, hospital, dental, or prescription expenses paid for the children.

{¶11} Finally, the magistrate considered Father's motion for contempt filed on January 20, 2016. In the motion, Father argued Mother unreasonably denied Father

parenting time the week of January 18, 2016. Mother contended she was justified in keeping the children from Father due to claims of sexual abuse made by one of the children. The magistrate determined that upon investigation by law enforcement and medical personnel, the sexual abuse claims were unsubstantiated. The magistrate found Mother in contempt and ordered her to pay a $250 fine to purge her contempt.

{¶12} The parties did not file objections to the magistrate's decision. No party filed a transcript of the magistrate's hearing with the trial court.

{¶13} By judgment entry filed on June 22, 2016, the trial court adopted the magistrate's decision.

{¶14} It is from this judgment entry Mother now appeals.

**ASSIGNMENTS OF ERROR**

{¶15} Mother raises three Assignments of Error:

{¶16} "I. THE TRIAL COURT ERRED BY CONSIDERING WORKER'S COMPENSATION INCOME THAT APPELLANT WAS NOT AND IS NOT ACTUALLY RECEIVING.

{¶17} "II. THE TRIAL COURT ERRED BY ORDERING APPELLANT TO PAY TWENTY-PERCENT OF HEALTH CARE COSTS FOR THE CHILDREN, AND ALSO ORDERING HER TO REIMBURSE APPELLEE FOR HIS EIGHTY-PERCENT OF THE CHILDREN'S HEALTH CARE COSTS.

{¶18} "III. AS THE TRIAL COURT'S FINDING OF CONTEMPT IS NOT SUPPORTED BY THE RECORD NOR DOES THE JOURNAL ENTRY PROVIDE ANY LEGAL REASONING FOR THE FINDING, IT SHOULD BE VACATED OR REMANDED FOR A DE NOVO HEARING."

**ANALYSIS**

**Failure to Timely Object and File Transcript in the Trial Court**

{¶19} Before we address Mother's Assignments of Error, we note Mother failed to file timely objections to the magistrate's decision of June 3, 2016 and she did not file a transcript of the magistrate's hearing for the trial court's review. Mother filed a transcript of the magistrate's hearing in this Court with her appeal.

{¶20} Civ. R. 53(D) states in pertinent part:

(3) Magistrate's decision; objections to magistrate's decision

* * *

(b) Objections to magistrate's decision

* * *

(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶21} Mother failed to file objections to the proposed magistrate's decision pursuant to Civ.R. 53(D)(3)(b). Accordingly, we find Mother cannot assign as error on appeal the trial court's adoption of any factual finding or legal conclusion pursuant to Civ.R. 53(D)(3)(b)(iv). We note that authority exists in Ohio law for the proposition that

Mother's failure to object to the magistrate's decision does not bar appellate review of "plain error." *In re B.H.,* 5th Dist. Fairfield No. 14-CA-53, 2014-Ohio-5790, ¶¶ 56-57 citing *R.G. Real Estate Holding, Inc. v. Wagner*, 2nd Dist. Montgomery App. No. 16737, 1998 WL 199628(Apr. 24, 1998); *In re Ortego*, 5th Dist. Tuscarawas No.1999AP05003, 2000 WL 330069 (Mar. 8, 2000); *Batsch v. Tress*, 11th Dist. Portage No.2000–P–0022, 2001–Ohio–4343. However, the Supreme Court has cautioned against the over application of plain error analysis,

> The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings. *Schade*, 70 Ohio St.2d at 209, 24 O.O.3d at 317, 436 N.E.2d at 1003; *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 124, 512 N.E.2d 640, 643; *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327–328, 480 N.E.2d 794, 800.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 1997–Ohio–401, 679 N.E.2d 1099. The plain error doctrine has been used to analyze whether the trial court erred in granting a change in custody. *Ford v. Ford*, 5th Dist. Tuscarawas No. 2012 AP 03 0025, 2012-Ohio-5454, ¶ 21.

{¶22} Further, this Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015–Ohio–3726, ¶ 35; *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001); *State v. Leite*, 5th Dist. Tuscarawas No.1999AP090054, 2000 WL 502819 (Apr. 11, 2000); *Fogress v. McKee*, 5th Dist. Licking No. 99CA15, 1999 WL 668580 (Aug. 11, 1999); and *Strunk v. Strunk*, 5th Dist. Muskingum No. CT96–0015, 1996 WL 787981 (Nov. 27, 1996). When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *Green Tree Servicing, L.L.C. v. St. John*, 5th Dist. Stark No.2013 CA 00092, 2015–Ohio–1111, ¶ 18 citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 1995–Ohio–272, 654 N.E.2d 1254.

{¶23} Accordingly, we review Mother's assignments of error only to determine whether the trial court committed plain error in calculating Mother's income, division of out-of-pocket health care costs, and Mother's contempt.

### I. Mother's Income

{¶24} Mother argues in her first Assignment of Error that the trial court erred in calculating Mother's income for child support purposes. In *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989), the Ohio Supreme Court determined the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's

decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010–Ohio–3489, 936 N.E.2d 1013, ¶ 16 (5th Dist.), citing *Cross Truck v. Jeffries,* 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982).

{¶25} The original shared parenting plan ordered Father to pay Mother child support. Upon termination of the shared parenting plan pursuant to R.C. 3109.04(E), the magistrate named Father as the residential parent and legal custodian. The magistrate recalculated the parties' child support obligations to reflect Father as the primary caregiver. In Paragraph 19 of the June 3, 2016 magistrate's proposed decision, the magistrate stated:

> Wife testified that she is unemployed due to a work injury. There was little testimony regarding wife's current workman's compensation case except that she has received one check in the amount of $1,800. There was also little to no testimony about the specifics of wife's inability to work. The Court finds that imputing income to wife in the amount of $16,848 is appropriate.

{¶26} Mother argues the trial court abused its discretion when it considered Mother's award from workers' compensation case as income. Mother contends her testimony at the hearing demonstrated the workers' compensation award was speculative. In support of her argument, Mother refers the court to R.C. 3105.18. That statute, however, governs the award of spousal support. Upon our limited review of the

record, we find no plain error for the trial court to consider Mother's workers' compensation award. The magistrate's finding of fact as to Mother's workers' compensation benefit is established and cannot be attacked on appeal.

{¶27} Mother contends the trial court also abused its discretion when it imputed income to Mother in order to calculate child support. The statutory child support computation worksheet includes space for the assessment of each parent's income, which is defined, for a parent who is unemployed or underemployed, as "the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01(C)(5)(b). "In deciding if an individual is voluntarily under employed or unemployed, the court must determine not only whether the change was voluntary, but also whether it was made with due regard to obligor's income-producing abilities and his or her duty to provide for the continuing needs of the child." *G.P. v. L.M.*, 5th Dist. Morrow No. 16CA0005, 2016-Ohio-7955, ¶ 42 quoting *Weisgarber v. Weisgarber,* 5th Dist. Stark No.2015CA00158, 2016–Ohio–676, ¶ 25 quoting *Farrell v. Farrell,* 5th Dist. Licking No.2008–CA–0080, 2009–Ohio–1341, ¶ 20. The decision to impute income to a parent is within the trial court's sound discretion. *Id.* citing *Rock v. Cabral,* 67 Ohio St.3d 108 (1993); *Blakemore.*

{¶28} The magistrate found Mother presented little evidence to explain why Mother was unable to work. Based on the lack of evidence as to the voluntary or involuntary nature of Mother's unemployment, the magistrate imputed a minimum-wage income to Mother. We find no abuse of discretion or plain error in the trial court adopting the magistrate's calculation of Mother's income.

{¶29} Mother's first Assignment of Error is overruled.

**II. Health Care Costs**

{¶30} Mother contends in her second Assignment of Error that the trial court abused its discretion by ordering Mother to contribute to the children's health care expenses based on Mother's limited income. The trial court ordered Mother to pay 20% and Father to pay 80% of the children's uninsured health care costs.

{¶31} Father refers the Court to the child support computation worksheet which calculated the parties' combined annual income to be $89,871.62. Father's percentage of the combined income was 79.63%. Mother's percentage of the combined income was 20.37%. Father argues the trial court's division of the uninsured health care costs is in proportion to the parties' income percentages. Reviewing the child support computation worksheet, we find the trial court's division of uninsured health care costs is reasonable and not an abuse of discretion.

{¶32} Mother next argues the trial court erred when it stated Father was to be reimbursed for out-of-pocket medical and/or other healthcare expenses paid for the children. We find that pursuant to R.C. 3119.32(B), the trial court is required to include the referred to language in a child support order.

{¶33} Mother's second Assignment of Error is overruled.

**III. Mother's Contempt**

{¶34} Mother argues in her final Assignment of Error that the trial court erred when it found her in contempt for her failure to follow the terms of the shared parenting plan when she denied Father parenting time.

{¶35} On January 20, 2016, Father filed a motion for contempt alleging Mother denied Father's parenting time the week of January 18, 2016. Mother alleged Father was

sexually abusing the minor children and was therefore justified in withholding the children from Father.

{¶36} In Paragraph 22 of the proposed magistrate's decision, the magistrate stated:

Wife presented no evidence to substantiate her claim. Taking the totality of wife's actions regarding the allegations, the in-chambers child interview, the guardian ad litem report, and the results of the investigation of the abuse allegations the Court finds that wife failed to prove a justified defense.

{¶37} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *Anderson v. Cameron,* 5th Dist. Stark No.2008CA00042, 2009–Ohio–601, ¶ 12, citing *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶38} Mother contends the trial court made no factual findings or referred to case law to support its finding of contempt. In making her decision that Mother was in contempt, the magistrate cited to the in-camera interview, the guardian ad litem report, and the results of the investigation into the abuse allegations. We do not have the benefit of the hearing transcript, but we have reviewed the items in the trial court case file referring the matter. Upon our review, we find no abuse of discretion for trial court to find Mother's claim against Father was unsubstantiated.

{¶39} Mother's third Assignment of Error is overruled.

**CONCLUSION**

{¶40} The judgment of the Knox County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.