COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JOSHUA RODRIGUEZ | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TAMARA PORRAS (NKA BALES) | : | Case No. 18 CAF 04 0032 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 10 DR A 03 0156

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      November 20, 2018

APPEARANCES:

For Plaintiff-Appellant

JOSHUA RODRIGUEZ, Pro Se
2918 Blossom Avenue
Columbus, OH 43231

For Defendant-Appellee

TAMARA BALES, Pro Se
11735 US Route 62
Killbuck, OH 44637

BRIAN G. JONES
52 North Sandusky Street
Delaware, OH 43015

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Joshua Rodriguez, appeals the March 20, 2018 decision of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, denying his objections to a magistrate's decision.  Defendant-Appellee is Tamara Porras (nka Bales).

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were divorced on January 25, 2011.  Appellee was named legal custodian and residential parent of the parties' two children.

{¶ 3}   On September 16, 2016, appellant filed a motion to reallocate parental rights and responsibilities.  Hearings before a magistrate were held on September 11, 12, 13, and 14, 2017.  In a lengthy decision filed January 30, 2018, the magistrate denied the motion, finding no change of circumstances, a reallocation of parental rights and responsibilities was not in the children's best interests, and the harm likely to be caused by a change of environment would not be outweighed by the advantages of a change of environment to the children.

{¶ 4}   Appellant filed objections.  By judgment entry filed March 20, 2018, the trial court denied the objections.  The trial court noted appellant did not file a transcript of the hearings before the magistrate, but filed an affidavit of evidence.  The trial court approved and adopted the magistrate's decision.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments or error are as follows:

I

{¶ 6}  "PLAINTIFF CHALLENGES SEVERAL BUT NOT ALL FINDINGS OF FACT IN MAGISTRATE[']S DECISION FILED JANUARY 30, 2018 AND ADOPTED AS A FINAL APPEALABLE ORDER ON MARCH 16, (SIC) 2018."

II

{¶ 7}  "THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION IN OVERRULING ALL CONTEMPT, AND IN NOT ISSUING JUST PENALTIES AGAINST DEFENDANT FOR EACH VIOLATION PER LOCAL RULE."

III

{¶ 8}  "THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION WHEN IT CIN (SIC) GRANTED DEFENDANT'S MOTION FOR CONTEMPT."

IV

{¶ 9}  "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT CONCLUDED THAT A CHANGE IN PARENTAL RIGHTS AND RESPONSIBILITIES DUE TO A CHANGE IN CIRCUMSTANCE IS NOT IN THE BEST INTEREST OF THE CHILDREN, AND THE HARM WOULD NOT BE OUTWEIGHED BY THE BENEFITS PURSUANT TO R.C. 3109.04(F)."

V

{¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT CONCLUDED THAT DEFENDANT IS NOT RESPONSIBLE FOR ATTORNEY'S FEES INCURRED ON PLAINTIFF-APPELLANT."

I

{¶ 11} In his first assignment of error, appellant challenges several findings of fact in the magistrate's decision.

{¶ 12} As noted by the trial court, appellant did not file a transcript of the hearings before the magistrate for the trial court's review.  Pursuant to Civ.R. 53(D)(3)(b)(iii), objections to the magistrate's factual findings must be supported by a transcript: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶ 13} According to the trial court's judgment entry, appellant stated he could not afford to produce a copy of the written transcript.  As found by the trial court, appellant "failed to show how the transcript was not available.  As the transcript was available, a copy of the transcript was required to be filed."  We agree with the trial court's analysis.

{¶ 14} This court has held, " 'where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal.' "  *J.S. v. T.S.,* 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 22, quoting *Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015-Ohio-3726, ¶ 35.  As explained by the Tenth District in *Bahgat v. Kissling,* 10th Dist. Franklin No. 17AP-641, 2018-Ohio-2317, ¶ 21:

Without a transcript of the hearing, a trial court is required to accept all the magistrate's findings of fact as true and only review the legal

conclusions drawn from those facts. *JPMorgan Chase Bank, N.A. v. Liggins,* 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14, fn. 1; *Bayview Loan Servicing* at ¶ 12. "The same is true of this court's review on appeal." *Liggins* at ¶ 14, fn. 1; *Bayview Loan Servicing* at ¶ 12 ("Without a transcript, an appellant cannot demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted.").

{¶ 15} Upon review, we find appellant is precluded from challenging the magistrate's findings of fact under Civ.R. 53(D)(3)(a)(iii).

{¶ 16} Assignment of Error I is denied.

II

{¶ 17} In his second assignment of error, appellant claims the trial court erred and abused its discretion in denying all contempt and in not issuing just penalties for each violation. We disagree.

{¶ 18} Our standard of review of a trial court's finding of contempt is abuse of discretion. *State ex. rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 19} Prior to the magistrate's hearing, appellant filed two contempt motions against appellee, one on September 16, 2016, and one on December 29, 2016.

{¶ 20} As outlined by the magistrate in his decision at No. 104, the September motion alleged appellee:

denied him visitation on numerous occasions, including his normal time plus certain calamity school days as ordered, allowed her boyfriend to transport the children, violated the right of first refusal, failed to transport [A.] to softball games and practices, failed to provide Plaintiff with all information related to extra-curricular activities and school functions, prohibited the children from bringing their cellphones to Plaintiff's house and communicating with Plaintiff, failed to give Plaintiff notice of doctor's appointments and other medical issues involving the children, failed to maintain counseling for the children, etc.

{¶ 21} At No. 105, the magistrate found in examining the evidence, appellee "willfully" denied appellant's parenting time, and found her to be in contempt for doing so "as a litigation leverage to negotiate a different schedule."  At No. 106, the magistrate found appellee was not in contempt for denying appellant visitation on school calamity days.

{¶ 22} In his December motion, appellant alleged appellee "should be found in contempt for failing to transport [A.] for visitation and for speaking negatively about him in front of the children."  Magistrate's Decision at No. 107.  The magistrate analyzed the totality of the evidence and found appellee should not be found in contempt on these issues.  Magistrate's Decision at No. 108.

{¶ 23} For the contempt finding under the September motion, the magistrate stated appellee could purge the contempt by paying appellant $500, and ordered appellee to pay appellant $500 for attorney fees. Magistrate's Decision at E.

{¶ 24} In its judgment entry, the trial court found the magistrate did not err in ruling on the contempt motions. The trial court found any objection to the September motion was moot "given that the magistrate ultimately found Mother in contempt on that Motion." As for the December motion, the trial court found "the magistrate's findings lead one to appropriately conclude that Mother should not be found in contempt. Mother attempted to comply with the Order and it was eventually done as indicated in the Decision."

{¶ 25} We concur with the trial court's analysis. The magistrate did not deny all contempt, but in fact found appellant in contempt under the September motion and imposed a penalty for willfully denying parenting time and exhibiting "a pattern of unilateral decision-making and exercise of absolute dominion and control over Plaintiff's parenting time." Magistrate's Decision at No. 105. The magistrate addressed the allegations regarding right of first refusal, transportation issues, providing all information related to extra-curricular activities and school functions, communications with appellant, and failure to maintain counseling for the children. Magistrate's Decision at Nos. 34, 38, 39, 46, 48, 59, 62, 73. Without a transcript, we are unable to determine if appellant presented any evidence regarding lack of communication of doctor's appointments and other medical issues.

{¶ 26} Upon review, we find the trial court did not abuse its discretion in its ruling on appellant's contempt motion against appellee.

{¶ 27} Assignment of Error II is denied.

III

{¶ 28} In his third assignment of error, appellant claims the trial court erred and abused its discretion in granting appellee's motion for contempt. We disagree.

{¶ 29} Appellee filed a motion for contempt against appellant on July 26, 2017, alleging he failed to pay his portion of a doctor's fee as ordered to do so pursuant to an agreed magistrate's order filed February 16, 2017. Magistrate's Decision at Nos. 109 and 110. At No. 111, the magistrate found the evidence established appellant failed to pay his portion of the doctor's bill by the required due date, and found him to be in contempt. The magistrate stated appellant could purge the contempt by reimbursing appellee for his portion of the bill, and ordered appellant to pay appellee $500 for attorney fees. Magistrate's Decision at F.

{¶ 30} In its judgment entry, the trial court found the magistrate did not err in finding appellant in contempt, as the evidence and the magistrate's findings, taken as true due to appellant's failure to file a transcript, supported the decision that appellant violated the February order.

{¶ 31} Upon review, we agree with the trial court's analysis and find the trial court did not abuse its discretion in finding appellant in contempt.

{¶ 32} Assignment of Error III is denied.

IV

{¶ 33} In his fourth assignment of error, appellant claims the trial court erred and abused its discretion in denying his motion for the reallocation of parental rights and responsibilities. We disagree.

{¶ 34} A trial court's decision allocating parental rights and responsibilities is reviewed under an abuse of discretion standard. *Miller v. Miller,* 37 Ohio St.3d 71, 523 N.E.2d 846 (1988); *Blakemore, supra.*

{¶ 35} R.C. 3109.04(E)(1)(a) states the following:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 36} The magistrate's decision consists of thirty pages, with 111 findings of fact and conclusions of law and 11 decisions. To reiterate from above, because appellant failed to file a transcript of the hearings before the magistrate, we accept all of the magistrate's findings of fact to be true.

{¶ 37} At No. 92, the magistrate concluded "there has been no change of circumstances to warrant a change in the residential parent of the minor children herein." At No. 93, the magistrate went on to state: "Even assuming, arguendo, that a change in circumstances has occurred, a reallocation of parental rights and responsibilities is not in the children's best interests and the harm likely to be caused by a change of environment is not outweighed by the advantages of a change of environment to the children." The magistrate considered the factors under R.C. 3109.04(F)(1) regarding best interests of the children and outlined his findings in a lengthy paragraph at No. 95. Considering the totality of the evidence, the magistrate concluded "that it would not be in the children's best interest to name Plaintiff residential parent and legal custodian. Similarily, the harm likely to occur from a change would not be outweighed by the alleged advantages of the change." Magistrate's Decision at No. 96.

{¶ 38} In its judgment entry overruling appellant's objections on the reallocation issue, the trial court stated the following:

Upon an independent review, the Court finds that the magistrate did not err in denying Father's Motion. First, there was no change of circumstance that occurred. The parties' most recent parenting Order was

issued on October 20, 2015, wherein Mother was designated legal custodian and residential parent of the children. The magistrate's findings show no change of circumstances from October 20, 2015, up through the date of trial. Even assuming, arguendo, that a change of circumstance occurred, a change of custody would not be in the children's best interest. The magistrate's conclusion was appropriate given his findings that the children were acclimated to their school and doing well, the children were involved in and enjoyed school-related extra-curricular activities, Father downplayed the children's interests, as well as for the other reasons provided in the magistrate's thorough Decision, which comprised of over 100 findings of fact.

{¶ 39} Upon review, we concur with the trial court's analysis and find the trial court did not abuse its discretion in denying appellant's motion for the reallocation of parental rights and responsibilities.

{¶ 40} Assignment of Error IV is denied.

V

{¶ 41} In his fifth assignment of error, appellant claims the trial court erred and abused its discretion in concluding appellee was not responsible for his attorney fees. We disagree.

{¶ 42} R.C. 3105.73 governs award of attorney fees and litigation expenses. Subsection (B) states the following:

In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶ 43} An award of attorney fees lies within the trial court's sound discretion. *Rand v. Rand,* 18 Ohio St.3d 356, 481 N.E.2d 609 (1985); *Blakemore, supra.*

{¶ 44} In its judgment entry filed March 20, 2018, the trial court ordered each party to be "fully responsible for his or her own attorney fees and litigation costs, holding the other harmless, except as indicated herein."

{¶ 45} In his appellate brief at 23, appellant argues the following on the issue of attorney fees:

The Trial Court concluded that Defendant-Appellee is not responsible for the costs incurred on Plaintiff-Appellant for Attorney's fees. Plaintiff's Exhibit G2 and G4, shows The Defendant-Appellee denied visitation completely and demanded a court trial be held before visitation should resume. The demand was made on no grounds and caused immense financial encumbrance upon Plaintiff-Appellant without just cause.

{¶ 46} It is unclear what attorney fees appellant is contesting.  The issue of denied visitation was addressed in the contempt finding against appellee, and she was ordered to pay appellant $500 to purge the contempt and $500 "as the reasonable cost for the filing of the motion and the prosecution."  We find the trial court did not abuse its discretion in awarding appellant $500 for attorney fees on the contempt motion.

{¶ 47} If appellant is challenging the lack of an award of attorney fees on his motion for the reallocation of parental rights and responsibilities, we note appellant did not prevail.  We find the trial court did not abuse its discretion in ordering each party to be responsible for their own attorney fees and litigation costs.

{¶ 48} Upon review, we find the trial court did not abuse its discretion on the issue of attorney fees.

{¶ 49} Assignment of Error V is denied.

{¶ 50} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

_____

Hon. Earle E. Wise, Jr.

_____

Hon. William B. Hoffman

_____

Hon. Craig R. Baldwin

EEW/db 115

[Cite as *Rodriguez v. Porras*, 2018-Ohio-4694.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JOSHUA RODRIGUEZ | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TAMARA PORRAS (NKA BALES) | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 18 CAF 04 0032 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.  Costs to appellant.


_____

Hon. Earle E. Wise, Jr.



_____

Hon. William B. Hoffman



_____

Hon. Craig R. Baldwin