[Cite as *Bradley v. Hill*, 2020-Ohio-2682.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOSHUA BRADLEY | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| AMANDA HILL | : | Case No. 19 CAF 10 0053 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
Court of Common Pleas, Case No.
15092079AD

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT:     April 24, 2020

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

CARRIE VARNER          J.C. RATLIFF
P.O. Boc 36          JEFF RATLIFF
Lewis Center, Ohio 43035          ROCKY RATLIFF
          EDWIN M. BIBLER
          200 W. Center St.
          Marion, Ohio 43302

*Baldwin, J.*

**{¶1}** Appellant, Amanda Hill, appeals that part of the September 11, 2019 judgment entry of the Domestic Relations Division, Delaware County Common Pleas Court that amended the division of certain child care expenses in the Shared Parenting Plan. Appellee is the father, Joshua Bradley.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Joshua Bradley filed a Complaint for Allocation of Parental Rights and Responsibilities and the Delaware County Court of Common Pleas, Domestic Relations Division, found that Joshua Bradley was the natural father of J.B. (Magistrate's Decision, March 14, 2016). The parties submitted  Agreed Judgment Entries establishing a Shared Parenting Plan with a deviation from the child support as calculated pursuant to the Ohio Child Support Guidelines.  Within the Deviation Entry, the trial court found that "the worksheet child support amount would be unjust, inappropriate, and not in the best interest of the minor child." The trial court ordered that appellee would pay $0.00 per month and that the "downward deviation in the child support payment and cash medical payment is in the best interest of the minor child and that it is just and appropriate." (Agreed Deviation Findings and Entry, Aug. 26, 2016, p. 2). A Child Support Computation Worksheet was attached to that Entry.

**{¶3}** The Shared Parenting Plan reflected the findings of the Deviation Entry:

Father shall pay to the Mother the sum of $0.00 per month for one (1) minor child. The parties understand that this amount is a deviation from the Ohio Child Support Guidelines, attached hereto and incorporated herein by reference. However, said deviation is warranted as Defendant/Father will

be spending time with the minor child and the parties shall be equally sharing some of the expenses associated with the minor child.

Shared Parenting Plan, Aug, 20, 2016, p.7

**{¶4}** While the Parenting Plan included the $0.00 support order qualified by the Deviation Entry, the Shared Plan also contained the following provision ordering Bradley to pay Hill $75.00 per week as his share of support and expenses:

> The parties have agreed to share some of the living and support expenses associated with the minor child equitably. As such, Father agrees to pay to Mother his share of the child's expenses of $75.00 per week, that shall be paid to Mother directly or to a third party provider as designated by Mother, effective July 1, 2016. Mother shall apprise Father of all needed expenses verbally, written or by text message and Father has until that following Friday to pay Mother the money. Alternatively, Father may open a bank account that he shall give Mother access to for withdrawing the allotted expense monies and said account shall be used exclusively for the expenses and needs of the child.

Shared Parenting Plan, Aug, 20, 2016, p.6

**{¶5}** On July 17, 2018 Hill filed a Motion To Terminate Shared Parenting Plan or in the Alternative, Modify Said Plan, alleging that "there have (sic) been a change of circumstances and that this proposed termination is in the minor child's best interest and said change of circumstances will be further shown at hearing." The motion contains no description of the "change of circumstances" or the modification to be sought in lieu of termination. Hill also filed a motion for an order to have Bradley found in contempt of

court, alleging that Bradley violated the Shared Parenting Plan by failing to return their child at the required time.

**{¶6}** The trial court conducted a hearing on the motion on July 31, 2019 and the Magistrate issued her decision on August 26, 2019 denying the request to terminate the Shared Parenting Plan and the motion to hold Bradley in contempt. The magistrate found that "[n]either party presented information substantiating a change requiring a modification of child support. The Court therefore finds that a modification of child support is not warranted" and the support order remained at $0.00. Though the support order remained $0.00, the magistrate did decide that modification of Bradley's obligation to pay $75.00 per week "would be in [J.B.'s] best interest." The magistrate found that expense payment requirement was ambiguous, subject to different interpretations and that it was "impossible to determine the exact meaning of the expense payment provision and therefore a modification of that provision is warranted."

**{¶7}** The magistrate drafted the following order modifying the $75.00 per week expense payment:

Each party shall pay 50% of [J.B.'s**]** uncovered medical and dental expenses, mandatory school expenses, and agreed upon extracurricular activity expenses. The party incurring the expense shall provide an invoice to the other party within 30 days of incurring the expense. The non-moving party shall then pay his or her half of the expense within 15 days of receipt of the invoice. **This provision replaces the $75 per week reference in the Shared Parenting Plan as that provision is ambiguous.** (Emphasis in original).

Magistrate's Decision, August 20, 2018, p. 8, ¶5

{¶8} Neither party filed objections to the magistrate's decision and, on September 11, 2019, the trial judge independently reviewed the matter and found no error of law or defect in the Magistrate's Decision, adopted the Magistrate's Decision and incorporated the Findings of Fact and Conclusions of Law in his entry by reference. The trial court incorporated the magistrate's decision regarding "uncovered medical and dental expenses, mandatory school expenses, and agreed upon extracurricular activity expenses" verbatim at paragraph ten of its entry.

{¶9} Hill filed a notice of appeal and submitted one assignment of error:

{¶10} THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY ADOPTING THE MAGISTRATE'S DECISION REMOVING PLAINTIFF-APPELLEE BRADLEY'S REQUIREMENT OF PAYING THE $75 PER WEEK SUPPORT ORDER, AS THE MAGISTRATE FAILED TO CALCULATE THE POTENTIAL CHILD SUPPORT OBLIGATION AND FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT TERMINATION OF THE $75 SUPPORT ORDER WAS IN THE BEST INTEREST OF THE CHILD AND THERE WAS NO CHANGE IN CIRCUMSTANCES WARRANTING SAID TERMINATION.

## STANDARD OF REVIEW

{¶11} Hill's failure to file a transcript for the trial court's review and her decision to not file objections to the magistrate's decision have a material impact on the breadth of our review.

{¶12} Because Hill did not file a transcript as required by Civ.R. 53 "[t]he magistrate's findings of fact are considered established and may not be attacked on

appeal.' " *J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 22, quoting *Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015-Ohio-3726, ¶ 35. "Without a transcript of the hearing, a trial court is required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts." *Bahgat v. Kissling,* 10th Dist. Franklin No. 17AP-641, 2018-Ohio-2317, ¶ 21, citing *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14, fn. 1. Even though a transcript was filed with this court, on appellate review, we cannot review the factual findings because we cannot consider the transcript that the trial court did not have the benefit of when it made its decision. *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11. Consequently, we are obligated to accept the factual findings of the magistrate as adopted by the trial court.

{¶13} We are further prohibited from considering factual errors because appellant did not file objections before filing the appeal. *Arthur v. Trimmer,* 5th Dist. Delaware No. 02CA06029, 2003-Ohio-2034, ¶ 14. Our review, therefore, is restricted to a determination of whether the decision of the trial court was affected by plain error.

{¶14} We may review for plain error despite Hill's failure to file objections to the magistrate's decision, but our use of that doctrine is severely restricted. *Kelley v. Holmes Cty. Sheriff's Dept.,* 5th Dist. Holmes No. 99 CA 4, 2000 WL 968522, *2. "'Plain error' is often construed to encompass "error[s] of law or other defect[s] evident on the face of the magistrate's decision," which prohibit the adoption of a magistrate's decision even in the absence of objections. Civ.R. 53(D)(4)(c); See *In re Clowtis,* 11th Dist. Nos.2006-L-042 and 2006-L-043, 2006-Ohio-6868, ¶ 13 (citations omitted). *McConkey v. Roberts,* 5th Dist. Guernsey No. 06 CA 35, 2007-Ohio-6102, ¶ 22. "[T]he plain error doctrine is not

favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099 (1997), syllabus.

## ANALYSIS

**{¶15}** We find that this case is one of the rare cases in which plain error has occurred as a result of the trial court's decision impacting Bradley's support obligation without the inclusion of a child support worksheet in the record.

**{¶16}** The $75.00 per week payment required by the Shared Parenting Plan is described within that document as Bradley's share "of the living and support expenses associated with" his child. We hold that this amount is child support, despite the trial court's conclusion that the child support order was $0.00 per month. The text of the order leaves no doubt that Bradley's obligation to make payment is a "court child support order" as defined in R.C. 3119.01(C)(2) subject to the statutory restrictions and requirements regarding modifications.

**{¶17}** The magistrate characterized the amendment to the support obligation as a clarification of an ambiguous provision in the Shared Parenting Plan, but it is clearly a modification of Bradley's obligation to provide for the needs of his child, triggering the provisions of Chapter 3119 and obligating the trial court to comply with the relevant sections. One of the most important duties of the trial court imposed by Chapter 3119 is the completion of the child support worksheet. "A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support

obligation in accordance with R .C. 3113.215, must actually be completed and made a part of the trial court's record." *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 139, 601 N.E.2d 496, at paragraph one of the syllabus. Failure to complete and include the worksheet in the record constitutes reversible error. *McClain v. McClain* (1993), 87 Ohio App.3d 856, 858, 623 N.E.2d 242. While *Marker* addressed the application of a statute that has since been repealed, the modern version of the support guideline statute, R.C. 3119.022, continues to mandate that a court or agency calculating child support "shall use a worksheet" so, the rule of *Marker* is applicable to R.C. 3119.022. *Cutlip v. Cutlip,* 5th Dist. Richland No. 02CA32, 2002-Ohio-5872, ¶¶ 7-8.

{¶18} Revised Code 3119.022 led to the adoption of Ohio Adm.Code 5101:12-1-17(A)(2)(a) which states in relevant part that: "[w]hen a court or CSEA calculates a new or modified child support order, the court or CSEA shall use: *** The JFS 07768, 'Sole/Shared Child Support Computation Worksheet' ***." This Administrative Code section reinforces the obligation to use the worksheet for all new or modified child support orders and the concomitant duty to include it in the record to enable appellate courts to complete their review of the trial court's analysis.

{¶19} Further, any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination. *Marker, supra* at 143. Revised Code 3119.22 imposes specific requirements for any deviation. The court must consider the factors set forth in R.C. 3119.23 and decide that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and therefore not be in the best interest of the child. When the court deviates

from the basic child support schedule, it "must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, its determination that the amount would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting that determination." R.C. 3119.22.

**{¶20}** Compliance with the mandate of the Revised Code and *Marker* serves three purposes. First, the worksheet allows an appellate court to review the trial court's compliance with the statutorily mandated process for calculating child support. Second, the worksheet supplies the data the trial court used to complete the child support calculation, such as the amounts of each parent's gross annual income, the amounts of any income adjustments, and the amounts of any deviation adjustments. The obligation to complete and include the child support worksheet in the record insures that all aspects of the child support calculation are memorialized, thus ensuring meaningful appellate review of the child support order. *Mayberry v. Mayberry*, 10th Dist. Franklin No. 15AP-160, 2016-Ohio-1031, ¶12. Finally, compliance with the Revised Code fulfills the court's duty "to act as the child's watchdog in the matter of support" *DePalmo v. DePalmo,* 78 Ohio St.3d 535, 1997-Ohio-184, 679 N.E.2d 266 (1997).

**{¶21}** For the forgoing reasons we hold that the lack of a worksheet in the record constitutes an error of law and seriously affects the basic fairness, integrity, or public reputation of the judicial process, *Goldfuss supra,* syllabus, and is plain error. We reverse that part of the decision of the Delaware County Court of Common Pleas, Domestic Relations Division set forth in paragraph 10 of that court's September 11, 2019 Judgment Entry and remand this matter to the trial court so that it may comply with the requirements

of R.C. 3119.022, 3119.22, Ohio Adm.Code 5101:12-1-17(A)(2)(a) and the Supreme

Court of Ohio's ruling in *Marker.*

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.