[Cite as *Palomino v. Palomino*, 2024-Ohio-2873.]

IN THE COURT OF APPEALS OF OHIO

FOURTH APPELLATE DISTRICT

ADAMS COUNTY

| | | |
|---|---|---|
| Dana A. Palomino, | : | |
| Plaintiff-Appellant, | : | No. 23 CA 1181 |
| | | (C.P.C. No. DRA 20220211) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jesus V. Palomino, | : | |
| Defendant-Appellee. | : | **RELEASED 7/23/2024** |

D E C I S I O N

Rendered on July 22, 2024

**On brief:** *Hoover Law Group LLC*, *Marie Hoover*, and *Nickelos T.M. Hoover*, for appellant.

**On brief:** *Barbara A. Moore*, for appellee.

APPEAL from the Adams County Court of Common Pleas,
Domestic Relations Division

LUPER SCHUSTER, J.

{¶ 1}  Plaintiff-appellant, Dana A. Palomino, appeals from a judgment entry/decree of divorce of the Adams County Court of Common Pleas, Domestic Relations Division, ordering defendant-appellee, Jesus V. Palomino, to pay child support and spousal support to Dana.  For the following reasons, we reverse.

## I.  Factual and Procedural Background

{¶ 2}  Dana and Jesus were married January 14, 1995 and have two emancipated children and two minor children.  On August 4, 2022, Dana filed a complaint for divorce.  Jesus filed an answer and counterclaim for divorce on September 7, 2022.  The trial court

entered temporary orders awarding Dana temporary custody of the minor children and ordering Jesus to pay Dana $550 per week as combined child support and spousal support.

{¶ 3}    On November 3, 2023, the trial court conducted a full evidentiary hearing. During the hearing, the parties informed the trial court they had reached an agreement on all issues except spousal support, child support, and which party would claim the children as dependents for tax purposes.  Counsel for Jesus recited the stipulations into the record. Subsequently, in a November 17, 2023 judgment entry, the trial court entered a decree of divorce granting custody of the minor children to Dana and ordering Jesus to pay $300 per week in child support and to pay the current mortgage payments on the marital residence until the conclusion of the mortgage, at which time Dana will own the residence outright. The decision failed to include the parties' stipulations or a child support computation worksheet in the decree of divorce.

{¶ 4}    Dana filed a timely notice of appeal on December 7, 2023 with the assistance of new counsel.  After Dana filed her notice of appeal, the trial court issued an agreed entry, on December 18, 2023, that had been signed by counsel for Jesus and Dana's original trial counsel.  The agreed entry aimed to correct the deficiencies in the November 17, 2023 judgment entry, incorporating the parties' stipulations related to the distribution of the parties' marital assets and debts.

## II. Assignments of Error

{¶ 5}    Dana assigns the following four assignments of error for our review:

[I.] The trial court abused its discretion in its child support order.

[II.] The trial court abused its discretion in its spousal support order.

[III.] The trial court lacked jurisdiction to enter the Agreed Judgment Entry.

[IV.] The trial court erred in its distribution of marital assets and debt.

For ease of discussion, we address Dana's assignments of error out of order.

### III. Third Assignment of Error – Jurisdiction to Enter Agreed Judgment Entry

{¶ 6} In her third assignment of error, Dana argues the trial court lacked jurisdiction to enter the December 18, 2023 agreed judgment entry because Dana had already perfected an appeal before that date.

{¶ 7} It is well-established that " 'once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' " *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, ¶ 8. Thus, the timely filing of a notice of appeal precludes the trial court from issuing further orders involving matters at issue in the appeal. *Kellie Auto Sales, Inc. v. Hernandez*, 10th Dist. No. 19AP-462, 2020-Ohio-1516, ¶ 17, citing *Horvath v. Packo*, 6th Dist. No. L-11-1318, 2013-Ohio-56, ¶ 45; *Electronic Classroom of Tomorrow* at ¶ 14 (the trial court lacked the authority to enter final judgment on those claims implicated in the order challenged and raised in the appeal); *Whipps v. Ryan*, 10th Dist. No. 14AP-67, 2014-Ohio-5302, ¶ 42 (the trial court lacked jurisdiction to entertain a motion that raised issues subject to determination by the appellate court in a previously filed appeal). " 'When a trial court acts beyond its jurisdiction while an appeal is pending, its order is void.' " *Kellie Auto Sales* at ¶ 17, quoting *Kitson v. Gordon Food Serv.*, 9th Dist. No. 15CA0078-M, 2016-Ohio-7079, ¶ 6. Further, "[a] void judgment is a nullity." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, paragraph two of the syllabus.

{¶ 8} Here, Dana appealed from the trial court's November 17, 2023 judgment entry entering a decree of divorce and ordering Jesus to pay child support and spousal support in the form of continued mortgage payments on the marital residence. Once Dana perfected her appeal of that order, with her notice of appeal filed December 7, 2023, the trial court lost its authority to take any further action regarding the parties' divorce decree as those matters are within the jurisdiction of the court of appeals on appellate review of the divorce decree. By issuing the December 18, 2023 agreed entry purporting to supplement the divorce decree, the trial court passed on issues that were before this court on appeal. Thus, the pendency of the appeal from the November 17, 2023 judgment entry

divested the trial court of the jurisdiction necessary for it to issue its December 18, 2023 agreed entry. The agreed entry, therefore, is void.

{¶ 9} Accordingly, we sustain Dana's third assignment of error. Having determined the trial court lacked jurisdiction to enter the December 18, 2023 agreed entry, our focus for the remaining issues presented in this appeal relates to the trial court's November 17, 2023 judgment entry.

## IV. First Assignment of Error – Child Support

{¶ 10} In her first assignment of error, Dana argues the trial court abused its discretion in its child support order.

{¶ 11} Absent an abuse of discretion, an appellate court will not disturb a trial court's determination regarding child support obligations. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 173 Ohio St.3d 191, 2023-Ohio-1823, ¶ 27. The trial court does not abuse its discretion in making a child support order where some competent, credible evidence supports the trial court's decision. *Weaver v. Weaver*, 10th Dist. No. 16AP-743, 2017-Ohio-4087, ¶ 9, citing *Ross v. Ross*, 64 Ohio St.2d 203, 208 (1980).

{¶ 12} Pursuant to Ohio's child support statutes, when issuing an order of child support, the trial court must calculate the amount of support "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119." R.C. 3119.02. The child support amount that results from the use of the basic child support schedule and applicable worksheet is presumed to be the correct amount of child support due. R.C. 3119.03. However, under R.C. 3119.22, a court may deviate from the guideline amount of child support if, after consideration of the factors set forth in R.C. 3119.23, the court determines that the guideline amount "would be unjust or inappropriate and therefore not be in the best interest of the child." R.C. 3119.22.

{¶ 13} Dana argues the trial court failed to comply with the mandatory statutory requirements of R.C. Chapter 3119 in both failing to make the required findings before imputing Dana's income and failing to make the required child support computation worksheet part of the record. We agree.

{¶ **14**} To calculate the amount of child support, the trial court must first determine the annual income of each parent. *Ayers v. Ayers*, ___ Ohio St.3d ___, 2024-Ohio-1833, ¶ 13, citing R.C. 3119.021(A). Under the plain language of R.C. 3119.01(C)(17), the trial court must make two determinations to calculate potential income: (1) determine whether a parent's unemployment or underemployment is voluntary; and (2) determine what the parent would have earned if fully employed by using the criteria enumerated in R.C. 3119.01(C)(17)(a)(i) through (xi). *Ayers* at ¶ 14, citing R.C. 3119.01(C)(17). To meet the statutory requirement, a trial court "must expressly find that a parent is voluntarily unemployed or underemployed as a condition precedent to imputing potential income for child-support-calculation purposes," and failure to make such express findings constitutes reversible error. *Id.* at ¶ 27.

{¶ **15**} Additionally, "the Supreme Court of Ohio has held a trial court must complete child support computation worksheets and include them in the record so appellate courts can meaningfully review the court's rulings." *Lloyd v. Lloyd*, 4th Dist. No. 22CA1159, 2024-Ohio-56, ¶ 15, citing *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), paragraph one of the syllabus ("[a] child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's support obligation * * * must actually be completed and made a part of the trial court's record").

{¶ **16**} Dana notes the trial court did not make the required child support computation worksheet part of the record and did not make the required determinations under R.C. 3119.01(C)(17) before imputing income to her. Jesus concedes the trial court erred in failing to include the child support computation worksheet and failing to include the required statutory determinations in its order. We agree, and find the trial court erred in failing to make the child support computation worksheet part of the record and in failing to make the required determinations related to Dana's income pursuant to R.C. 3119.01(C)(17). *Bradley v. Hill*, 5th Dist. No. 19 CAF 10 0053, 2020-Ohio-2682, ¶ 17 ("[f]ailure to complete and include the worksheet in the record constitutes reversible error"); *Ayers* at ¶ 12 ("[t]he terms within the statutory scheme governing child-support orders are 'mandatory in nature and must be followed literally and technically in all material respects'"), quoting *Marker* at paragraph two of the syllabus. Therefore, we must

remand the matter to the trial court to issue a decision consistent with the requirements of R.C. Chapter 3119.

{¶ 17} We sustain Dana's first assignment of error.

## V. Second Assignment of Error – Spousal Support

{¶ 18} In her second assignment of error, Dana argues the trial court abused its discretion in making its spousal support order.

{¶ 19} " '[S]pousal support' means any payment or payments to be made to a spouse or former spouse * * * that is both for sustenance and for support." R.C. 3105.18(A). In a divorce proceeding, a trial court may award "reasonable spousal support to either party." R.C. 3105.18(B). A trial court has broad discretion to determine the appropriate amount of spousal support based on the particular facts and circumstances of each case. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990), *superseded by statute on separate grounds*. A reviewing court cannot substitute its judgment for that of the trial court absent a showing of an abuse of discretion. *Id.*

{¶ 20} R.C. 3105.18(C)(1) governs the trial court's discretion and requires the trial court to consider certain factors in determining whether spousal support is reasonable and appropriate. Similarly, R.C. 3105.18(C)(1) guides the trial court in determining the nature, amount, terms of payment, and duration of any such award of spousal support. In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and the duration of spousal support, the court must consider all the following factors:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a) through (n). " 'The trial court must consider all of these factors; it may not base its decision regarding spousal support on any one factor in isolation.' " *McCall v. Kranz*, 10th Dist. No. 15AP-436, 2016-Ohio-214, ¶ 30, quoting *Gallo v. Gallo*, 10th Dist. No. 14AP-179, 2015-Ohio-982, ¶ 49, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96 (1988).

{¶ 21} On appeal, Dana argues the trial court abused its discretion in making a spousal support order without addressing any of the statutory factors in R.C. 3105.18(C)(1) other than the duration of the parties' marriage. Jesus concedes the trial court failed to consider all of the factors contained in R.C. 3105.18(C)(1). Additionally, both parties note

the trial court made a factual error regarding the existence of a mortgage on the marital residence. We agree that the trial court's failure to consider and weigh all of the factors in R.C. 3105.18(C)(1) before making its spousal support order constitutes reversible error. *Gallo* at ¶ 49 ("[t]he trial court must consider all of these factors; it may not base its decision regarding spousal support on any one factor in isolation"), citing *Kaechele* at 96. Accordingly, we sustain Dana's second assignment of error and remand the matter to the trial court to issue a spousal support decision consistent with the evidence presented and the statutory requirements.

## VI. Fourth Assignment of Error – Distribution of Marital Assets and Debt

{¶ 22} In her fourth and final assignment of error, Dana argues the trial court abused its discretion in its distribution of martial assets and debts.

{¶ 23} In a divorce proceeding, the domestic court has broad discretion over divisions of property. *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401 (1998), citing *Berish v. Berish*, 69 Ohio St.2d 318 (1982). "In any divorce action, the starting point for a trial court's analysis is an equal division of marital assets." *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, ¶ 5, citing R.C. 3105.171(C), and *Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981). However, pursuant to R.C. 3105.171(C)(1), if an equal division of assets would be inequitable, the trial court must divide the property equitably. A trial court must consider the factors contained in R.C. 3105.171(F) to ensure an equitable division of marital property. *Neville* at ¶ 5. Additionally, a trial court must evaluate all relevant facts in determining an equitable division. *Cherry* at 355. An appellate court reviews a trial court's decision on the distribution of marital property for an abuse of discretion. *Neville* at ¶ 5; *Hood v. Hood*, 10th Dist. No. 10AP-999, 2011-Ohio-3704, ¶ 14.

{¶ 24} Here, Dana argues the trial court erred in its distribution of martial property and debt when it failed to make findings of what was marital property and debt versus separate property and debt, failed to incorporate the parties' agreements regarding the distribution of assets and debts, and failed to account for all of the parties' assets, including retirement accounts. Additionally, Dana argues the trial court's limited property distributions included in the judgment entry contained factual errors. Though the trial court attempted to correct the deficiencies in its distributions of marital property through

the agreed entry, we have already concluded the agreed entry was void for lack of jurisdiction. Jesus concedes the trial court erred in the division of martial assets contained in the judgment entry. Accordingly, we sustain Dana's fourth assignment of error and remand the matter to the trial court to divide the marital assets in accordance with the evidence, the parties' agreements, and the statutory requirements.

## VII. Disposition

{¶ 25} Based on the foregoing reasons, the trial court erred in its award of child support, spousal support, and division of marital assets. Additionally, the trial court lacked jurisdiction to attempt to correct the deficiencies in the divorce decree after Dana had perfected an appeal. Having sustained Dana's four assignments of error, we reverse the judgment of the Adams County Court of Common Pleas, Domestic Relations Division, and remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed*;
*cause remanded.*

EDELSTEIN and LELAND, JJ., concur.

———————————

Judges Betsy Luper Schuster, Carly Edelstein, and David Leland, of the Tenth Appellate District, sitting by assignment in the Fourth Appellate District.